The Evansville and Indianapolis Railroad Company v. Gilmore.

Filed May 26, 1891.

---

No. 198.

## THE EVANSVILLE AND INDIANAPOLIS RAILROAD COMPANY v. GILMORE.

COMMON CARRIER.—*Refusal of Passenger to Pay Train Fare.—Expulsion.*— Railroad companies have the right to charge a higher rate of fare when paid upon the train than may be charged for a ticket. One without a ticket who refuses to pay the regular train fare may be expelled from the train, but no more force must be used than necessary.

VERDICT.—*Special Findings.*—Special findings control the general verdict only when there is an irreconcilable conflict between them.

SAME.— *Presumptions.*— While all reasonable presumptions will be indulged in favor of the general verdict, nothing will be presumed in support of the special findings of fact.

From the Greene Circuit Court.

*J. E. Iglehart, E. Taylor, J. T. Hays* and *H. J. Hays,* for appellant.

*W. A. Cullop, C. B. Kessinger, A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for appellee.

The Evansville and Indianapolis Railroad Company v. Gilmore.

ROBINSON, J.—The appellee commenced this action in the Greene Circuit Court. The complaint contained three paragraphs.

The first paragraph of the complaint alleges, omitting the introductory part, that appellee was a passenger from Clay City to Worthington, and had a ticket entitling him to travel between said points, and that he was safely and securely carried to the last named place; that, having reached his destination, Worthington, he did not leave the car, but remained thereon for the purpose of becoming a passenger from Worthington to Elliston; that he tendered to appellant's servants "twenty-five cents, the regular fare charged by defendant for passengers from said Worthington to said Elliston;" that it was refused, and that thirty-five cents was demanded as the proper fare between said last named points, and that a threat was made that appellee would be put off the car unless he paid said sum of thirty-five cents, which he refused to pay, and that at a point where the road of appellant crosses the Indianapolis and Vincennes Railroad, about two miles south of Worthington, appellant's train was stopped, and the servants of appellant, in the line of their duty, directed the appellee to leave the car; that then the fare demanded by appellant was tendered it, and refused, and that appellee was " unlawfully, forcibly and with unnecessary violence assaulted and ejected " from the car; that he was beat, bruised, maimed and wounded in being ejected from said car, and was cursed, defamed and maltreated, beaten and bruised by said servants of the appellants, and on account of said assaulting appellee became sick, sore and disabled, and remained so for two weeks, lost much valuable time, etc.

The second paragraph contains the same general allegations as the first, and differs from it only in that appellee therein says that when the sum of thirty-five cents was demanded, he then and there offered the same to appellant's servants; that it was refused; that the train was then

The Evansville and Indianapolis Railroad Company v. Gilmore.

stopped, and appellant's servants "unlawfully, forcibly, beat, bruised and wounded him, and ejected him from said car."

The third alleges that appellee entered the cars of appellant as a passenger, to be carried as such, and that the servants of appellant, in the line of employment, with great force and violence, assaulted appellee and expelled him from the train, and refused to carry him as a passenger, although so requested to do.

Separate demurrers were filed to each paragraph and overruled.

The appellant answered by general denial.

There was a trial by jury and verdict for appellee for $130.

At the request of the appellant the court submitted to the jury special interrogatories.

The jury, with their general verdict, returned to court said interrogatories and their answers thereto.

Appellant moved for judgment on the interrogatories and answers thereto notwithstanding the general verdict.

This motion was overruled. Judgment was rendered in favor of the appellee on the verdict, to which the appellee excepted.

But one error is assigned for the reversal of the cause, to wit, error of the trial court in overruling appellant's motion for judgment on the special findings of the jury notwithstanding the general verdict.

The interrogatories propounded to the jury, and the answers of the jury thereto, are as follows:

" 1. At the time in controversy was the regular ticket fare from Worthington to Elliston twenty-five (25) cents? Ans. Yes.

" 2. Was the regular train fare at that time between said stations thirty-five (35) cents? Ans. Yes.

" 3. Did the plaintiff refuse to pay the full train fare? Ans. Yes.

" 4.  Was the reason that he was put off the train because he refused to pay his fare ?   Ans.  Yes.

" 5.  Did the plaintiff at the time have ticket or pass entitling him to ride from Worthington to Elliston?   Ans. No."

There is no doubt that the law is settled in this State that railroad companies have the right to charge a higher rate of fare when paid upon the train than may be charged for a ticket, and that when appellee entered appellant's car without a ticket, and upon demand refused to pay the regular train fare, the servants of appellant had a right to stop the train and expel him therefrom.  *Jeffersonville R. R. Co.* v. *Rogers*, 28 Ind. 1; *Indianapolis, etc., R. W. Co.* v. *Rinard*, 46 Ind. 293; *Toledo, etc., R. R. Co.* v. *Wright*, 68 Ind. 586.

But while the servants of the appellant had the right to stop the train and expel appellee therefrom for refusing to pay his fare, the appellant's servants were not justified, if unnecessary force was used in expelling the appellee from the train.

The answers to the interrogatories are silent upon the question of the force used, and only go to the question of the failure of the appellee to pay the regular train fare.

As we construe the first and second paragraphs of the complaint, the appellee was lawfully upon appellant's train, as a passenger, and entitled to be carried as such, conforming to all the rules and regulations of appellant; and that he was unlawfully ejected and expelled therefrom by its servants, who used, in so doing, more force than was necessary for that purpose.

The third paragraph charges that the servants of the appellant, in the line of employment, with great force and violence, assaulted appellee and expelled him from the train, and refused to carry him as a passenger, although so requested to do.

The interrogatories submitted to the jury seemed to have been addressed to the first and second paragraphs of the com-

plaint, and not to the issue raised by the third paragraph. So the facts found by the jury, so far as this case is concerned, may have prevented a recovery under the first and second paragraphs of the complaint. Still the general verdict would stand upon the third paragraph; but upon an examination of the issues raised under each of the first and second paragraphs, we think one of the material issues was that more force was used than was necessary in ejecting the appellee from the train; that he was unnecessarily beaten and bruised; so far as this issue is concerned the special findings are silent, and clearly the special findings do not cover this issue and the issues raised under the third paragraph.

The question that is raised under the assignment of error, that the trial court erred in overruling appellant's motion for judgment on the special findings of the jury, notwithstanding the general verdict, seems to us exceedingly plain, and that the trial court correctly ruled is open to little or no contention under a long line of unbroken decisions by the Supreme Court upon this question.

" A special finding overrides the general verdict only when both can not stand; and this antagonism must be apparent upon the face of the record, before the court can be successfully called upon to direct judgment in favor of the party against whom a general verdict has been rendered by the jury upon their oath.

" It is the duty of the Supreme Court to indulge every reasonable presumption in favor of the correctness of the general verdict, which is presumed to have been rendered upon the substantial merits of the matters in controversy. It is also the duty of this court to reconcile, if possible, the general verdict with the answers to the interrogatories; for it is settled that if a special verdict can, by any hypothesis, be reconciled with the general verdict, the latter will control, and the court will not render judgment against the party in whose favor the general verdict is rendered."

It is also settled that " while all reasonable presumptions

will be indulged in favor of the general verdict, nothing will be presumed in support of the special findings of fact." *Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143 ; *Grand Rapids, etc., R. R. Co.* v. *Ellison*, 117 Ind. 234 ; *Kuhns* v. *Gates*, 92 Ind. 66 ; *Redelsheimer* v. *Miller*, 107 Ind. 485 ; *Cincinnati, etc., R. R. Co.* v. *Clifford*, 113 Ind. 460 ; *Perry.* v. *Makemson*, 103 Ind. 300 ; *Baldwin* v. *Shuter*, 82 Ind. 560 ; *Rice* v. *Manford*, 110 Ind. 596.

Appellant's motion for judgment on the special findings of the jury notwithstanding their general verdict was correctly overruled.

We have found no error in the record in this case.

The judgment is affirmed, at the costs of the appellant.

Filed May 26, 1891.