No. 228.

## BLOCK ET AL. *v.* HASELTINE.

COLLATERAL SUPPORT.—*Obligation of Party Removing.—Notice to Adjoining Property-Owner.*—Whenever a party makes improvements on his own lands which endanger the land of his neighbor, he must supply walls or other sufficient substitutes for the support which he removes. This obligation is limited to the support of the land in its natural condition, and if the neighbor's land shall be weighted with buildings or other burdens, the owner of the servient tenement, in removing collateral support, can be held responsible only for such consequences as would have followed if the land had not been thus weighted. Before proceeding to remove the collateral support he should give reasonable notice of his intention, that the owner of the dominant tenement may have the opportunity to provide against any threatened danger.

SAME.—*Right of Party to Excavate His Own Land.—Duty to Adjoining Property-Owner.—Exercise of Care.*—An adjoining land-owner has the right to excavate upon his own land for all lawful uses and purposes which he may contemplate, but he must do so with proper care, skill and regard for the building situate upon the adjoining land. If negligence, want of care, or unskilfulness is indulged in, and thereby the adjoining building is injured or thrown down, the party so doing the work is liable. A reasonable degree of care and skill is required. In deter-

mining whether a party has been guilty of carelessness in excavating his own land, reference may be had to what is usually done by other builders in similar cases.

PRINCIPAL AND AGENT.—*Joint Tort-Feasors.*—The principal and the agent may be jointly sued, in an action for damages, when the wrongful act complained of is under circumstances which fairly charge them with intending the consequences which followed.

SPECIAL FINDING.—*General Verdict.*—*Presumption in Favor of.*—A special finding overrides the general verdict only when both can not stand, and the antagonism must be apparent upon the face of the record. Every reasonable presumption must be indulged in favor of the general verdict, but nothing will be presumed in favor of the special findings of fact.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon, J. O'Brien* and *C. C. Shirley,* for appellants.

*J. W. Cooper, B. F. Harness* and *C. N. Pollard,* for appellee.

ROBINSON, C. J.—This action was commenced by the appellee against the appellants, to recover damages for injuries done to his goods, wares and merchandise, caused by the alleged careless, negligent, and unskilful acts of the appellants in excavating a basement upon a certain part of a lot in the city of Kokomo, owned by the appellants Block & Thalman, by reason of which a building owned by Scotton & Scotton, and situate on the real estate adjoining thereto, and which was occupied by the appellee as the tenant of Scotton & Scotton was thrown down, and the appellee's wares and merchandise therein were thereby injured and destroyed.

The appellants Block & Thalman filed a demurrer to the complaint, and the appellant John V. Smith filed a separate demurrer thereto.

The demurrers were overruled, and exceptions taken.

The answer was general denial. The cause was tried by a jury. The jury returned a general verdict for the appellee, with answers to interrogatories propounded by both parties, by leave of court.

Block *et al. v.* Haseltine.

The appellants Block & Thalman and the appellant John V. Smith made separate motions for judgment in their favor on the answer of the jury to interrogatories, notwithstanding the general verdict, which motions were overruled, and exceptions taken.

Thereupon appellants filed a motion for a new trial, which was overruled, and exception taken, and judgment was rendered on the verdict.

The appellants jointly assign as error: That the court erred in overruling the motion for a new trial. The appellants Block & Thalman and the appellant John V. Smith assign separate errors: That the court erred in overruling the separate demurrers to the complaint, and that the court erred in overruling their separate motions for judgment in their favor on the answer by the jury to the interrogatories, notwithstanding the general verdict.

The argument of counsel for the appellants is first addressed to the alleged error of the court in its rulings on the demurrers to the complaint, and it is insisted with much earnestness and ability that the demurrers should have been sustained.

It is alleged in the complaint that Scotton & Scotton owned a certain part of a city lot numbered thirty-one in Kokomo, Indiana, upon which they had erected a two-story brick business house, about 110 feet in length and about 22 feet in width, and that it was properly constructed upon a good and sufficient foundation, which was sufficient and secure for the support of said building; that for more than ten years immediately prior to the falling of said building, by the alleged negligence of the appellants, to wit, on the 19th day of April, 1888, appellee had used, occupied and enjoyed said business house upon said premises as a tenant of said Scotton & Scotton and their immediate grantors as a jewelry store, which, during all of said time was well known to the appellants; that the appellants Block & Thalman were the owners of the north one-third of said lot and adjoining that

part of said lot owned by said Scotton & Scotton, upon which said business house had been erected, and was so occupied by the appellee. It is claimed by the appellee that the following averments in the complaint, taken in connection with the formal averments, and the facts we have set out, constituted a cause of action against the appellants, to-wit: "that the appellants dug up, removed and hauled away the dirt and clay the full length of said building, and to the depth of from six to seven feet, and so close to said building as to weaken and destroy the foundation and support thereof, and that they also dug up and removed a portion of the street and sidewalk which also supported said building occupied by the appellee, and that appellants did not in any way shore up, brace, protect or support said building or any part thereof to make the same safe and secure, although appellants well knew by their wrongful, careless and negligent acts in making said excavation that they had greatly weakened the support and foundation of said building, and rendered it weak and liable to fall; that said negligent and wrongful acts were done and performed by the appellants and under their direction and with their full knowledge and consent, and that said acts were done at divers times from the 1st day of November, 1887, till the 19th day of April, 1889; that by reason of the negligent, careless and unskilful manner in which said work was done, in this, to wit: by digging and removing the earth from and against the foundation of said building to the depth of six or seven feet or more along the entire length of said building, and in so digging and removing said earth the appellants were careless and negligent, and did not use the ordinary precautions, care and skill, nor did they do and perform said work with the diligence, care and skill that builders and excavators were in this respect accustomed to use and employ under similar and like circumstances in this, to wit: that the appellants, instead of removing the dirt, earth and clay by sections, as they were requested and told to do by practica-

ble and experienced excavators and builders, and to build
and construct a wall or foundation for their own building,
then in contemplation of construction, at and against the
earth and foundation of the building of said Scotton & Scot-
ton, and thus continue until the earth along the entire length
of said building had been excavated and removed by sec-
tions and the wall or foundation of the appellants was built
and constructed by sections, as is usual and invariably done
by diligent, and careful builders who make excavations with
a care and regard for the situation of the adjoining estate,
and had appellants thus used ordinary care and skill, and
had they used and employed the care, skill and precaution
usual in such cases, and had not been thus negligent in re-
moving their own soil, earth and clay, the foundation under
the building of said Scotton & Scotton would not have
weakened and given way, and said building have fallen and
damaged the appellee," etc.

Before determining the question as to the sufficiency of
the complaint, we will dispose of the averments in the com-
plaint charging the appellants with the duty to shore up,
brace and protect the building of Scotton & Scotton, in
which the appellee's stock of goods was situated, while appel-
lants were engaged in excavating the cellar and removing
the dirt therefrom, as alleged in the complaint.  The law
seems to be settled that " Whoever, in the course of im-
provements on his own lands may have occasion to make
excavations which endanger the land of his neighbor, must
supply walls or other sufficient substitutes for the support
which he removes.  But this obligation is limited to the
support of the land in its natural condition, and if the neigh-
bor's land shall be weighted with buildings or other burdens,
the owner of the servient tenement, in removing collateral
support, can be held responsible only for such consequences as
would have followed if the land had not been thus weighted.
The case, however, is eminently one in which the obligation
of care for the protection of the neighbor's interest is im-

posed; and before proceeding to remove collateral support he should give reasonable notice of his intention, that the owner of the dominant tenement may have the opportunity to provide against any threatened danger. He must also observe due care in making the excavations, and will be responsible for all the consequences of negligence. Cooley Torts (2d ed.), 706–7.

It is not averred in the complaint that the appellee or his landlords were not duly notified of the intention of the appellants to dig the excavation for said cellar; and, as the complaint is silent upon the subject of notice, it must be presumed that notice was properly given.

The authorities do not sustain the position that it was the duty of the appellants, if notice was given of the intended excavations, to shore up, brace and protect the building of Scotton & Scotton, in which appellee's stock of goods was situated. *Shafer* v. *Wilson*, 44 Md. 268; *Walters* v. *Pfeil*, Moody & Malk. 362; *Massey* v. *Goyder*, 4 Car. & P. 161; *Peyton* v. *Mayor*, 9 B. & C. 725; Cooley Torts, *supra;* Shear. and Redf. Negligence, section 497.

But, after having divested the complaint of the alleged duty of the appellants, after notice to the landlords and the appellee of the intended excavation of the cellar, to shore up, brace and protect the building occupied by the appellee, the question remains to be determined whether the complaint, without these averments, did not state facts sufficient to constitute a cause of action against the appellants.

The law seems to be settled that an adjoining land-owner has the right to excavate upon his own land for all lawful uses and purposes which he may contemplate, but must do so with proper care, skill and regard for the building situate upon the adjoining land. If negligence, want of care, or unskilfulness is indulged in, and thereby the adjoining building is injured or thrown down, the party so doing the work is liable. A reasonable degree of care and skill is required. It is said in Washburn on Easements and Servitudes

(4th ed.), 596, after a full discussion of this question: "The way to reconcile these views and suggestions, and still to retain the distinction between an injury to the natural soil and an injury to the same soil burdened by a house or other structure thereon, seems to require some such rule as this: Not only must the owner of the land, when causing an excavation thereon to be made, so conduct it as not to disturb the soil of the adjacent lot in its natural state, but if there be a dwelling-house thereon, he must use such care in the mode of excavating, to the extent above stated, as not to injure the house, provided this can be done without subjecting himself to extraordinary expense in guarding against such injury. He might, for instance, if there were no house standing upon the land, dig and remove portions of the lateral support for a considerable distance without substituting any such safeguard as a wall, and no injurious consequences would follow. Whereas, if there were a house standing thereon, in order safely to carry the excavation to the same extent, bordering upon the land of his neighbor, he must expose only small portions of the soil at a time, as was done in *Lasala* v. *Holbrook*, where the defendant, as fast as he dug away his soil near the land of the plaintiff, supplied a support by the cellar wall on which he was to rest his own house." *Lasala* v. *Holbrook*, 4 Paige, 169.

In determining whether a party has been guilty of carelessness in excavating his own land, reference may be had to what is usually done by other builders in similar cases. Washburn E. & S. (4th ed.) 592; *Shrieve* v. *Stokes*, 8 B. Mon. 453.

And whenever the owner of the soil has a right to excavate, so far as adjoining buildings are concerned, he must exercise this right with the diligence good builders are in this respect accustomed to employ in similar circumstances, and he is liable for any damage caused by the lack of such

diligence. Wharton Law of Negligence (2d ed.), section 929, 930.

One making excavations on his own land must observe due care in making them, with respect to the rights of others, and will be responsible for all the consequences of negligence. Cooley Torts (2d ed.) 706; 2 Wash. Real Property (5th ed.) 382. The law is also settled that where a party is about to endanger the land of his neighbor, by improvements on his own land, he must give notice and use ordinary skill in conducting such improvements; and he is liable for damages caused by willful, or negligent, acts. 2 Wait Ac. & Def., 720, 721; *Peyton* v. *Mayor, supra; Massey* v. *Goyder, supra; Foley* v. *Wyeth*, 2 Allen, 131; *Panton* v. *Holland*, 17 Johns. 92; *Richart* v. *Scott*, 7 Watts, 460; *Dodd* v. *Holme*, 1 Ad. & El. 493; *Jeffries* v. *Williams*, 5 Exch. 792.

Under the separate assignment of error of the appellant Isaac V. Smith, it is claimed that the court erred in overruling the separate demurrer filed by him to the complaint. The complaint avers that he was the agent and employee of the appellants Block & Thalman, and did the wrongful acts complained of under and by the superintendence and direction of said Block & Thalman.

"Where several persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or doing it under circumstances which fairly charge them with intending the consequences which follow, it is a very reasonable and just rule of law which compels each to assume and bear the responsibility of the misconduct of all. Cooley Torts (2d ed.) 153.

It follows, from the conclusions we have reached, that the complaint stated a cause of action against all of the appellants, and that the court ruled correctly on the demurrers.

It is next assumed in argument that the court erred in overruling the separate motions of the appellants Block and Thalman and the appellant Isaac V. Smith for judgment in

Block *et al. v.* Haseltine.

their favor on the answers by the jury to the interrogatories, notwithstanding the general verdict.

It is unnecessary to set out the answers of the jury to the interrogatories propounded. The answers of the jury to the interrogatories were in no particular inconsistent with the general verdict, but in some respects strongly tended to sustain it. The rule of law is firmly settled that a special finding overrides the general verdict only when both can not stand, and this antagonism must be apparent upon the face of the record before the court can be successfully called upon to direct a judgment in favor of the party against whom a general verdict has been rendered by the jury upon their oaths.

Every reasonable presumption must be indulged in favor of the correctness of the general verdict, which is presumed to have been rendered upon the substantial merits of the matters in controversy. It is also the duty of this court to reconcile if possible the general verdict to the answers to the interrogatories, for it is settled if a special verdict can by any hypothesis be reconciled with the general verdict the latter will control, and the court will not render judgment against the party in whose favor the general verdict is rendered.

It is also settled that " while all reasonable presumptions will be indulged in favor of the general verdict, nothing will be presumed in support of the special findings of fact." *Evansville, etc., R. R. Co.* v. *Gilmore*, 1 Ind. App. 468, and cases there cited. There was no error in overruling these motions.

The last claim of the appellants is that the court erred in refusing to give certain instructions to the jury as requested by the appellants. We have carefully examined all of the instructions given and refused, and it fully appears that the instructions given embraced all the issues in the case, and were as favorable to the appellants as the record seems to justify. We do not find in the record any ground for com-

plaint by the appellants on account of instructions given or refused.

We find no error in the case for which it should be reversed.

The judgment is affirmed, at appellants' costs.

Filed Jan. 21, 1892.