Filed Feb. 7 1895.

---

No. 1,354.

## BLUE ET AL. *v.* BRIGGS.

RAILROAD.—*Duty to Fence.—Obstructing Highway.*—A railroad company, while authorized by law to construct its road across public highways, is not, by reason of its duty to securely fence its road, justified in building a fence across a highway.

PLEADING.—*Negligence Necessarily Implied.*—If an act averred to have been done is of such a character as that under the circumstances alleged, it was necessarily negligent, it will be so regarded by the court, although it be not designated as negligently done.

SAME.—*Answer, Sustaining Demurrer to.—Same Facts Provable Under General Denial.*—There is no error in sustaining a demurrer to an answer in which all the facts averred are provable under the general denial, which is pleaded.

AGENCY.—*Liability of Agent for Tortious Act.—Damages.*—He who commits an unlawful act or an act of misfeasance and positive wrong to another can not escape liability therefor upon the ground of his being an agent for another.

MUNICIPAL CORPORATION.—*Town.—Consent of Members of Board to Change in Street.*—Consent of members of a town board to a change in a street, unless given while assembled as a board, can not be regarded as the act of the corporation.

From the Greene Circuit Court.

*J. T. Hays*, for appellants.

*W. S. Maple* and *J. S. Bays*, for appellee.

GAVIN, J.—The appellee sued for damages sustained by driving into a barbed wire fence erected by appellants across a way over which appellee was traveling in the night time.

The first paragraph counts upon the appellants' wrong as consisting in thus obstructing a public highway. The appellant railroad company, while authorized by law to construct its road across public highways, was not, by reason of its duty to securely fence its road, justified in building a fence across the highway.

The second paragraph sets up facts showing that appellants negligently built and left unguarded a barbed wire fence across a highway which had been for many years much traveled by the public. Under the facts alleged we think it clear that the appellants were negligent in building and leaving unguarded such a fence in such a place. The pleading is good under the cases of *Carskaddon* v. *Mills*, 5 Ind. App. 22, and *Morrow* v. *Sweeney*, 10 Ind. App. 626.

When the act averred to have been done is of such a character as that, under the circumstances alleged, it was necessarily negligent, it will be so regarded by the court, even if it be not designated as negligently done, although it is generally the safer practice to make this allegation directly.

The complaint thus charges, in the first paragraph, an unlawful act, viz.: the obstruction of the public highway, and in the second paragraph the doing in an improper manner of that which appellants had a lawful right to do in a proper manner. Both paragraphs were good.

To this complaint appellants answered, first, by a general denial; secondly, specially. In the latter paragraph, facts are set forth tending to show that there was no public highway; that the fence was lawfully erected at

the point where it was placed, and that one of the appellants had nothing whatever to do with its construction. All the facts therein averred were admissible under the general denial. There was, consequently, no error in sustaining the demurrer to it. *Kelley* v. *Kelley*, 8 Ind. App. 606.

Moreover, the answer, although pleaded to the entire complaint, in no way meets the averments of negligent conduct which form the gist of the second paragraph.

The jury returned a verdict in favor of appellee. The correctness of the court's action in overruling the motion for new trial is questioned.

The evidence quite fully sustains the verdict.

From it we learn that this road had been traveled as a public highway for twenty-five or thirty years; that appellant Blue was the general manager of the appellant railway company; that, without any legal proceedings to so do, Blue undertook to straighten the highway in controversy, and, in doing so, changed its course at the point where the fence was built across the old way; that he ordered the barbed wire fence constructed across this old road by the regular employes of appellant railway company, by whom they were paid for the work. There was nothing but the wire across the traveled way. The fence was not visible at night and there were no lights, guards or anything else to indicate its presence.

The appellee, while rightfully traveling over the road without knowledge of its existence, and being unable to see it by reason of the darkness, drove into it and was injured.

This fence was built and this change of road, made as part of a considerable amount of improvement, made under Blue's directions, in which a number of persons, including the railway company, were more or less interested.

The fact that this particular part of the work was not upon land in which the company was interested, and the fact that it charged up the expense of doing the work to the various parties interested, will not relieve the company from the results of its servants' wrongs committed by its direction.

Neither will Blue be relieved by the fact that he was acting merely as an agent for some one else. He who commits an unlawful act or an act of misfeasance and positive aggressive wrong to another can not escape liability therefor upon the ground of his being an agent for another. *Berghoff* v. *McDonald*, 87 Ind. 549; Mechem Agency, section 571.

In our judgment both paragraphs of the complaint are abundantly sustained by the evidence.

The legal title to the land in which this road was located was in Blue, held for the benefit of the Evansville and Terre Haute Ry. Co., which was not a party to this action. The reasons which induced him to buy the land for that company in no way bore upon any question at issue in this case.

There was no error in refusing to permit appellants to prove that three members of the town board in a conversation consented to appellants making the change in the road. Such action by members of the board, unless assembled as a board, could not be regarded as the act of the corporation. *School Town of Milford* v. *Powner*, 126 Ind. 528.

With the law as we have declared it, there was no error in refusing the instructions asked by appellants. As to the instructions given, no available question is presented for the reason that in the motion for new trial the appellants have failed to specify the instructions which they regarded as erroneous.

An examination of all those given, however, discloses

no serious vice in any under the law as we have adjudged it and the facts proven.

Some other errors have been referred to in counsel's brief but they are not argued and must therefore be deemed waived.

Judgment affirmed.

Filed Feb. 27, 1895.