HOWARD DODGE & SONS, INC. and Richard Dodge, Appellants (Defendants Below),

v.

Marvin E. FINN, Appellee (Plaintiff Below).

No. 3–678A138.

Court of Appeals of Indiana, Third District.

June 27, 1979.

Dennis J. Grotrian and John J. Wernet, Grotrian & Boxberger, Fort Wayne, for appellants (defendants below).

Albert Friend, Angola, David Peebles, Fort Wayne, for appellee (plaintiff below).

STATON, Judge.

Marvin E. Finn recovered a judgment against Howard Dodge & Sons, Inc. in an action for conversion. On appeal, Dodge, Inc. argues that the judgment is contrary to law and not supported by the evidence, and that the trial court erred in refusing to admit into evidence a contract between Finn and his contractor. Finn raises on cross-errors the trial court's refusal to enter judgment against Richard Dodge in his personal capacity.

We affirm in part and reverse in part.

The facts relevant to our disposition are as follows. Marvin E. Finn entered into a contract with Jyles Millikan for the construction of a new home. Millikan arranged with Howard Dodge & Sons, Inc. to furnish the materials and labor for the heating and air-conditioning components of the home. The contract between the contractor and the subcontractor was in the amount of approximately $13,500.00.

Dodge, Inc. delivered various items to the construction site, including two each of furnaces, cooling coils, filters and condensers. These items were at least partially installed. Dodge, Inc. billed Millikan for the materials and labor, but received a total of only $6,600.00.

Meanwhile, Millikan billed Finn and was paid in full, in installments explicitly denominating items paid for, including the specific pieces of heating and air-conditioning equipment furnished by Dodge, Inc.

On June 7, 1973, on account of various defaults, Finn terminated the construction contract with Millikan, effective June 16, 1973. Millikan notified Dodge, Inc. of the termination. On June 14, 1973, Richard Dodge, secretary-treasurer of Dodge, Inc., and some of his employees went to Finn's construction site and removed some of the equipment which Dodge, Inc. had furnished for the home.

Finn demanded a return of the goods and then filed an action for replevin. The court ordered Dodge, Inc. to return the property pending final adjudication of the claims. When Dodge, Inc. was unable to return the goods, Finn added a supplemental complaint for conversion. He alleged that Dodge, Inc. and Richard Dodge were liable for converting $3,750.00 of his personal property, and for damages of $3,000.00, plus interest and costs.

The trial court entered judgment for Finn against Dodge, Inc. in the sum of $5,481.00, plus costs. However, the court held that Finn should take nothing against Richard Dodge.

Dodge, Inc. argues that the trial court's judgment against it is contrary to law and is not supported by the evidence.

■ The judgment of the trial court must be affirmed on appeal if it is sustainable on any basis. Thus, if any legal theory supports the judgment, it will be affirmed. *Ertel v. Radio Corporation of America* (1976), Ind.App., 354 N.E.2d 783. Similarly, if the sufficiency of the evidence is questioned, we will view only the evidence most favorable to the judgment, together with all the logical inferences therefrom. *Dubreuil v. Pinnick* (1978), Ind.App., 383 N.E.2d 420; *Utica Mut. Ins. Co. v. Ueding* (1977), Ind.App., 370 N.E.2d 373. Thus, if we find sufficient evidence to support the court's judgment on any theory, the judgment will not be disturbed.

■ Conversion is a tort involving the appropriation of the personal property of another to the tortfeasor's own use and benefit, in exclusion and defiance of the owner's rights and under an inconsistent claim of title. *Yoder Feed Service v. Allied Pullets, Inc.* (1977), Ind.App., 359 N.E.2d

602; *Sikora v. Barney* (1965), 138 Ind.App. 686, 207 N.E.2d 846. Mens rea is not an essential element of the offense. *Id.* Therefore, the fact that a tortfeasor may have acted in good faith in assuming dominion over the owner's property is immaterial.

■ The essential element Finn was required to prove in this case was his immediate, unqualified right to possession based on a superior claim of title. *Yoder, supra,* 359 N.E.2d 602. In the pre-trial order, Finn asserted his right to possession based on either of two theories—that the heating and air-conditioning equipment were fixtures to his real property; or, that under the Uniform Commercial Code he owned the equipment.

Applying the provisions of the Uniform Commercial Code, we hold that Finn owned the property at the time it was converted by Dodge, Inc.

Under the Uniform Commercial Code, title to goods passes to the buyer at the time the seller completes the physical delivery of the goods, despite any reservation of a security interest. IC 1971, 26–1–2–401, Ind. Ann.Stat. § 19–2–401 (Burns Code Ed.). The contract between Millikan and Dodge, Inc. involved specific pieces of heating and air-conditioning equipment (identified by model numbers, etc.) as well as labor. These "materials" which Dodge, Inc. supplied were clearly goods within the contemplation of the Uniform Commercial Code. The furnaces, etc., were movable, existing and identified to the contract when the seller's interest passed. IC 1971, 26–1–2–105, Ind.Ann.Stat. § 19–2–105 (Burns Code Ed.).[1] Title to the goods passed to Millikan, the buyer, when Dodge, Inc. completed delivery at the construction site. Then, when Finn paid Millikan's bills, which specifically enumerated the heating and air-conditioning equipment, title passed to Finn as that sale was completed.

As soon as Dodge, Inc. delivered the equipment, it lost its title to those goods.

Its action in reasserting dominion over the goods and later disposing of them constituted a conversion of Finn's property, a tortious act for which Finn was entitled to recovery of damages, as granted by the trial court.

■ In its brief Dodge, Inc. also argues that the trial court erred in refusing to admit into evidence the agreement between Finn and Millikan for the construction of Finn's home. The contract was excluded because it was not listed as an exhibit in the pre-trial order. Disclosing and settling questions concerning exhibits and their import is one of the purposes of the pre-trial order. Ind. Rules of Procedure, Trial Rule 16. Dodge, Inc.'s argument concerning this assignment consists of the bare assertion that the contract was relevant. No attempt whatever is made to establish that the court abused its discretion in requiring the parties to adhere to the pre-trial order. Accordingly, Dodge, Inc. has failed to establish error. AP. 8.3(A).

Finally, on cross-errors, Finn claims that the trial court erred in failing to find that Richard Dodge was personally liable for the conversion.

■ The Indiana cases regarding the personal liability of an agent for a tortious act are all from the last century. Nonetheless, as a body, they hold that an agent who commits a tortious act is equally liable with the principal. *Block v. Haseltine* (1892), 3 Ind.App. 491, 29 N.E. 937. The agent cannot escape liability on the ground that he acted for a principal. *McNaughton v. City of Elkhart* (1882), 85 Ind. 384; *Blue v. Briggs* (1895), 12 Ind.App. 105, 39 N.E. 885. Finally, in *Berghoff v. McDonald* (1882), 87 Ind. 549, the Indiana Supreme Court held that an agent who wrongfully detains the goods of another for his principal is personally liable.

■ We are compelled to find that Richard Dodge was personally liable, with

1. The contract between Dodge, Inc. and Millikan cannot be described as one for services. It is not even remotely similar to a construction contract, such as that which involved installation of asphalt paving, in *Rose Acre Farms, Inc. v. L. P. Cavett Co. of Indiana,* (1972), 151 Ind. App. 268, 279 N.E.2d 280.

Dodge, Inc., his principal, for the conversion of Finn's property. The trial court's finding that Finn should take nothing against Richard Dodge is contrary to law.

We affirm the court's judgment against Dodge, Inc. We reverse the court's judgment with respect to Richard Dodge, and we remand with instructions for the court to enter judgment in accordance with this opinion.

GARRARD, P. J., and HOFFMAN, J., concur.