David A. ROAKE, Appellant (Plaintiff Below),

v.

Ronald B. CHRISTENSEN and C & B Enterprises, Inc., d/b/a Jug & Keg Liquor Store, Appellees (Defendants Below).

No. 49A02–8702–CV–54.

Court of Appeals of Indiana, Second District.

Sept. 19, 1988.

Peter A. Schroeder, Norris, Choplin & Johnson, Indianapolis, for appellant.

Alex L. Rogers, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellees.

SULLIVAN, Judge.

In June of 1983, David A. Roake entered into an agreement with Ronald Christensen, the president of C & B Enterprises, Inc., which employed Roake. In order to be included in C & B's group health insurance policy, Roake agreed to pay C & B fifty percent (50%) of the cost of the premium for his coverage. Roake made his first premium payment to Christensen in June of 1983. His coverage began in July although Christensen failed to pay the premium for the group policy until August 17. Roake continued to make monthly payments to Christensen through September of 1984. Christensen accepted these payments, depositing some of the checks in C & B's general account and retaining others, although he had allowed the group health insurance policy to lapse on August 1, 1983.

On August 21, 1983, Roake injured his hand and incurred $1,393.00 in medical expenses. Although the expenses would have been covered under the group insurance policy, Roake paid the $1,393.00 himself because the policy had lapsed. He brought this action to recover these expenses from Christensen and C & B. The trial court granted judgment for Roake against C & B in the amount of $1,393.00

plus costs on the grounds that C & B failed to complete its agreement to provide insurance coverage. Roake appeals this judgment, arguing that the trial court erred by failing to award treble damages and attorney's fees against both Christensen and C & B.

■ Roake attacks the trial court's judgment as contrary to law. We are permitted to set aside a judgment only if the evidence is without conflict and can only lead to one result and the trial court reached an opposite conclusion. *Mason v. Gohmann* (1986) 2d Dist.Ind.App., 498 N.E.2d 1344.

■ Roake alleges that the trial court erred in failing to award treble damages pursuant to I.C. 34–4–30–1:

"If a person suffers a pecuniary loss as a result of a violation of IC 35–43, he may bring a civil action against the person who caused the loss for:

(1) An amount equal to three [3] times his actual damages;

(2) The costs of the action; and

(3) A reasonable attorney's fee." [1]

The trial court's findings state that Roake incurred a pecuniary loss in the amount of $1,393.00 because his health insurance claims were rejected due to the cancellation of C & B's group insurance policy. C & B and Christensen's actions which caused policy cancellation and Roake's subsequent loss constitute criminal conversion as defined in I.C. 35–43–4–3 (Burns Code Ed. Repl.1985). No criminal conviction for conversion is necessary for Roake to recover damages. *Campins v. Capels* (1984) 4th Dist.Ind.App., 461 N.E.2d 712, *trans. denied; Hyman v. Davies* (1983) 3d Dist.Ind. App., 453 N.E.2d 336. Instead, a preponderance of the evidence must establish that a conversion occurred. *Obremski v. Henderson* (1986) Ind., 497 N.E.2d 909; *Rakes v. Wright* (1986) 4th Dist.Ind.App., 498 N.E.2d 101. The following findings

establish by a preponderance that C & B and Christensen knowingly and intentionally exerted unauthorized control over the property of Roake:

"5. The Defendants failed to make any additional premium payments to Blue Cross Blue Shield after August 17, and knowingly and intentionally allowed the group policy to lapse, effective August 1, 1983."

"7. The Defendant, Christensen, deposited all of the above checks dated prior to April 30, 1984, in the corporation's general account with the exception of the February 29 check, and accepted and retained all of the remaining checks, with the knowledge that he was not in turn making insurance premium payments to Blue Cross Blue Shield."

"14. The Defendants were aware the group policy had terminated prior to September 29, 1984, but continued to accept the Plaintiff's payments without informing the Plaintiff the policy was no longer in force." Record at 49–50.

Thus, the trial court found that Christensen and C & B took control of Roake's checks by depositing some checks in C & B's general account and by retaining other checks. This control was unauthorized since the payments were being made to cover the costs of Roake's insurance, and Christensen was not using the payments for this purpose. Christensen did not inform Roake that the insurance policy had been cancelled. The elements of criminal conversion were found to be present.

■ Having met the statutory requirements of I.C. 34–4–30–1, Roake seeks to recover three times his actual damages from both Christensen and C & B. He argues that the trial court erroneously concluded that Christensen was not personally liable for these damages. A corporate officer such as Christensen is not personally liable for the torts of a corporation merely

1. The 1977 version of the statute was amended in 1984 and in 1987 and now provides in pertinent part as follows:

"If a person suffers a pecuniary loss as a result of a violation of IC 35–43, he may bring a civil action against the person who caused the loss for the following:

(1) An amount *not to exceed* three (3) times his actual damages.

(2) The costs of the action.

(3) A reasonable attorney's fee."

I.C. 34–4–30–1 (Burns Code Ed.Supp.1988) (emphasis supplied).

because of his office; an additional connection with the tort is necessary. *Bowling v. Holdeman* (1980) 1st Dist.Ind.App., 413 N.E.2d 1010. In *American Independent Management Systems, Inc. v. McDaniel* (1982) 3d Dist.Ind.App., 443 N.E.2d 98, a sufficient connection to the corporation's fraud existed for the corporate president to be held personally liable. The president's connection consisted of holding a meeting at which he made false representations and approving a brochure which contained false representations also. In *Howard Dodge & Sons, Inc. v. Finn* (1979) 3d Dist., 181 Ind.App. 209, 391 N.E.2d 638, the corporate secretary-treasurer was held personally liable for his connection with the corporation's conversion. The officer participated with other corporate employees in the removal of some equipment which had been furnished for a newly constructed home.

In the present case, Christensen's participation in C & B's tortious activities was even greater than the participation of the officers in *American Independent, supra*, 443 N.E.2d 98, and *Howard Dodge, supra*, 391 N.E.2d 638. Christensen was the only corporate officer or employee involved. He agreed that C & B would add Roake to its group insurance policy if Roake would pay fifty percent (50%) of the cost of his premium. Aware that C & B's group insurance policy terminated because he failed to pay the premiums, Christensen nevertheless continued to accept Roake's premium payments. Because the findings state that Christensen was the sole participant in these acts, he may be held personally liable for the tort.

Although we agree with Roake that Christensen may be held liable for treble damages pursuant to I.C. 34–4–30–1, we disagree that Christensen and C & B are each liable for such damages. Indiana Code 34–4–30–1 is largely a penal measure and as such it must be strictly construed. *Midland–Guardian Co. v. United Consumers Club, Inc.* (1986) 3d Dist.Ind.App., 499 N.E.2d 792. The statute in effect at the time of the conversion mandates that Roake receive an amount *equal to* three times his actual damages. *Midland–*

*Guardian, supra; Rakes, supra,* 498 N.E.2d 101. The current version of the statute would entitle Roake to recover an amount *not to exceed* three times his actual damages. We construe both of these statutes to establish a limit of three times the actual damages on the damages recoverable for a single loss, although the present version would seem to permit a discretionary award of less than that limit.

Pursuant to I.C. 34–4–30–1, Roake is also entitled to recover the costs of the action and a reasonable attorney's fee. Only filing fees and statutory witness fees are recoverable as costs. *Midland–Guardian, supra,* 499 N.E.2d 792. A reasonable attorney's fee includes appellate fees. *Lambert v. Yellowbird, Inc.* (1986) 4th Dist.Ind.App., 496 N.E.2d 406; *Campins, supra,* 461 N.E.2d 712.

The judgment is reversed and the cause is remanded with instructions to enter judgment in favor of Roake and against C & B and Christensen jointly and severally in the amount of $4,179.00 ($1,393.00 × 3) plus costs and attorney's fees.

BUCHANAN and CONOVER, JJ., concur.