May Term,
1856.

ELLIOTT
v.
WRIGHT.

---

## ELLIOTT *v.* WRIGHT.

That a demurrer to a paragraph in an answer was improperly sustained, can not be assigned for error, if the facts alleged in it were admissible in evidence under another paragraph upon which issue was taken.

Monday,
May 26.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—*Wright* sued *Elliott* upon promissory notes. *Elliott* answered, alleging—

1. Payment generally.

2. That the notes were obtained by fraud.

3. That the notes were given *without consideration*.

4. That they were given without consideration, accompanied by a statement of facts, whereby it was claimed the truth of the allegation appeared.

5. That the consideration of the notes had failed. See, as to this point, *Webster* v. *Parker, ante*, p. 185.

*Wright* replied that the notes were not paid; were not obtained by fraud; were given upon a valuable consideration, and that it had not failed. He demurred to that paragraph in the answer specially showing a want of consideration, and the demurrer was sustained.

The issues of fact were tried, and judgment rendered for the plaintiff for the amount of the notes and interest.

The evidence is not upon the record, and no exception was taken to the action of the Court below. But it is sought to reverse the judgment there rendered, because the Court sustained a demurrer to the special paragraph of the answer showing the want of consideration for the notes; while it is responded from the other side that that ruling of the Court, conceding it to be erroneous, could not have injured the defendant, because he could have proved the facts averred in that paragraph under the general denial of consideration in another paragraph. See *Wood* v. *Commons*, 3 Ind. R. 418. It will be observed that the latter paragraph was not demurred to, and, hence, its sufficiency not questioned. That he could have given all the special facts showing the want of consideration under the general paragraph, we have no doubt; that he should have done so, if the facts existed, is equally clear; and that he did so, according to all our late decisions, we must presume, as the contrary does not appear. This rule is as applicable to the new as it was to the old system of practice.

It is founded in good policy. A lawyer is an artful pleader. He fills his answer with paragraphs, the allegations in which he has no evidence to support; but the Court, in the haste of *nisi prius* proceedings, as he anticipates, makes an erroneous ruling in regard to some of them, and the judgment against him is reversed, on that ground, in the Supreme Court, and the cause sent back for trial, when no trial is wanted, because no evidence to prove the allegations in the pleading exists.

This abuse is partially prevented by requiring the party to offer his evidence below, and except, if it be rejected, wherever an issue exists under which it would be admissible; because if he has no evidence to offer, he can not be harmed by an erroneous ruling upon his pleading, and can not, consequently, procure a reversal of the judgment against him. *Davis* v. *Doe*, 2 Ind. R. 599.

May Term,
1856.

In the present case, the rule, perhaps, may operate hardly, but it must be adhered to.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*D. McDonald* and *W. A. McKenzie,* for the appellant.

*H. C. Newcomb* and *J. S. Harvey,* for the appellee.