<div style="margin-left: 3em; font-style: italic;">Nov. Term,
1860.

SNYDER
v.
WHITE.</div>

---

## SNYDER v. WHITE.

APPEAL from the *Wayne* Common Pleas.

*Per Curiam.*—*Snyder* and *Gentry* were joint judgment plaintiffs. *Gentry* sold his half of the judgment to *White.* *Snyder* collected the whole of the judgment. *White* sued him for half the amount, alleging that *Snyder* had received the money to his, *White's,* use, but had converted it to his own, *Snyder's,* use. *Snyder* answered: 1. by general denial; 2. that he paid half to *Gentry* before notice of his sale; 3. that *Gentry* was in his debt before notice of sale, and that he applied, and still offered to apply *Gentry's* half on said debt. The court sustained a demurrer to the second and third paragraphs of the answer, and *Snyder* excepted. *Snyder* then

<div style="margin-left: 3em; font-style: italic;">Friday,
November 30.</div>

Nov. Term, 1860.

filed another paragraph, containing the two defenses, of payment to *Gentry*, and of indebtedness by *Gentry*, before notice of said sale ; and to this paragraph no objection was made, but issue was taken upon it. Judgment for plaintiff. The evidence is not in the record. If the court erred in sustaining the demurrer above mentioned, the defendant was not harmed. He could have given all his evidence under the last mentioned paragraph ; and we incline to think he could. have done so under the general denial, but do not so decide. Would it not go to show that the defendant had not converted the plaintiff's money to his own use ?

The judgment is affirmed, with 10 per cent. damages and costs.

*O. P. Morton* and *J. F. Kibbey*, for appellant.

*J. B. Julian*, for appellee.