### ALLIS ET AL. *v.* NANSON ET AL.

PLEADING.—*Damages, Mitigation of.*—Where matter may be given in evidence by a defendant, on the assessment of damages, in mitigation thereof, no pleading setting up such matter is needed, and therefore the sustaining of a demurrer to such a paragraph is harmless.   Catlett *v.* Gilbert, 23 Ind. 614, criticised.

APPEAL from the Vanderburg Circuit Court.

WORDEN, J.—William G. Wear and Andrew Roberts replevied certain cotton from the possession of Robert H. Dunkerson and Alexander Wilson, who had the same in store for Nanson and others, the appellees herein. The cotton was delivered to the plaintiffs in the replevin suit, which was in the Vanderburg Circuit Court, and the usual undertaking was executed in that suit, on which Allis and Ruston, the appellants herein, became sureties. The plaintiffs in the replevin suit dismissed the same, and there was judgment in favor of the defendants therein for a return of the property, and for costs.

This was an action by Nanson and the other alleged owners of the property, including the warehouse-men, Dunkerson and Wilson, upon the undertaking in replevin, the complaint assigning proper breaches thereof. Allis and Ruston, the only defendants who seem to have been brought into court, answered as follows: "That as to all the sum claimed by the plaintiffs in their complaint, except nominal damages, the plaintiffs ought not to recover the same, or any part thereof, because they say that before the commencement of the action mentioned in the complaint, wherein said Wear and Roberts were plaintiffs, and the plaintiffs in this action were defendants, to wit, on the —— day of ————, 1865, the cotton mentioned in the complaint was the property of one Whitesides and one Chandler, and was held by them at Pine Bluff, in the State of Arkansas, they then and there doing business under the style of Whitesides & Co.; that said plaintiffs, Nanson and Ober, were then commission merchants, doing business in St. Louis, in the State of Missouri, under the name and style of Nanson, Ober & Co.;

that on the day and year last aforesaid, said Whitesides & Co. shipped to said Nanson, Ober & Co. (who already had in their hands cotton belonging to them), from Pine Bluff aforesaid, the cotton mentioned in the complaint, and then and there consigned the same to the said Nanson, Ober & Co. by bill of lading duly signed by the carrier to whom the cotton was delivered, by which said cotton was directed to be delivered to the said Nanson, Ober & Co., upon payment of freight and charges, at St. Louis aforesaid; that said bill of lading was duly forwarded by mail to Nanson, Ober & Co.; that on the day of the date of said bill of lading, said Whitesides & Co. drew a draft upon said Nanson, Ober & Co. for three thousand dollars; that upon the receipt of the bill of lading, and the presentation of said draft, said Nanson, Ober & Co. accepted said draft, and on its maturity paid it, and, out of the proceeds of the cotton theretofore shipped them, were reimbursed for one thousand five hundred dollars, part of said draft, leaving one thousand five hundred dollars unpaid; that said cotton, in transit from Pine Bluff to St. Louis, was seized and detained at Memphis, Tennessee, by the United States revenue officers, so that it was detained and never reached St. Louis; that upon the application of said Whitesides & Co., said cotton was redelivered to them, and by them sold to said Wear & Roberts, who paid full value therefor and took the same without notice of any claim on the part of said Nanson, Ober & Co., or any other person, and without notice of the existence of said bill of lading. And said defendants say that said Wear & Roberts having shipped said cotton to New York, said plaintiffs, Nanson, Ober & Co., pretending that they had a lien upon the same under the said bill of lading, for the satisfaction of said bill of exchange, seized the same at Evansville, and were so holding the same when the same was taken from them by the sheriff, by virtue of the order obtained by the said Wear & Roberts, as is alleged in said complaint."

A demurrer was sustained to this answer, and the de-

fendants excepted. The defendants not answering further, the court heard evidence adduced by the parties as to the plaintiffs' damages, and found that the cotton, at the time of the execution of the undertaking, was of the value of two thousand seven hundred dollars, and that there was due upon the bill of exchange described in the answer the sum of one thousand eight hundred and forty-one dollars and nineteen cents, and that the costs in the replevin suit were forty-two dollars and sixty cents, making in all the sum of one thousand eight hundred and eighty-three dollars and seventy-nine cents, for which amount judgment was rendered for the plaintiffs.

Error is assigned upon the ruling of the court in sustaining the demurrer, and in rendering judgment for the plaintiffs.

The answer was designed to raise an important question of commercial law, viz., whether Nanson, Ober & Co., to whom the cotton was consigned for sale by the owners, and who had made advances upon it by the acceptance and payment of the draft drawn by the owners, but to whose possession the cotton never came until after it had been sold and delivered by the owners to third parties, who purchased without notice, can hold the property against such third parties, in order to reimburse themselves for advances thus made.

We have not examined this question, for the reason that we should feel bound, under the authorities, to affirm the judgment, whatever might be the conclusion at which we might arrive upon the question.

In an action upon an undertaking in replevin, an answer that the property belonged to the plaintiff in replevin is not a good answer in bar of the action, because it does not answer the technical breach of a failure to prosecute the action with effect. *Sherry* v. *Foresman,* 6 Blackf. 56; *Wallace* v. *Clark,* 7 Blackf. 298.

In the case last cited, it was held that upon the execution of a writ of inquiry, in an action upon a replevin bond, where the right to the property had not been adjudicated

upon and settled in the replevin suit, it may be proved, in
mitigation of damages, that the property belonged to the
plaintiff in the replevin suit. We see no good ground to
question the correctness of this decision.

The matter set up in the answer in the case before us is
not pleaded in bar of the entire action, but in bar of all but
nominal damages. It is pleaded, as would seem, in mitiga-
tion of damages. It was intimated in the case of *Stockwell*
v. *Byrne*, 22 Ind. 6, that such an answer might be good.
But in the more recent case of *Sammons* v. *Newman*, 27 Ind.
508, the court say "there is no warrant for such a pleading
in such a case." We need not decide this question of plead-
ing.

The appellants could, beyond question, have given the
matter thus pleaded in evidence on the assessment of dam-
ages. We have in our reports a great variety of cases hold-
ing that where a demurrer has been erroneously sustained
to a good paragraph of answer, where the matter pleaded
could have been given in evidence under the general denial
or other paragraphs of the answer, the error will be regarded
as harmless. Among such cases the following may be cited.
*Elliott* v. *Wright*, 7 Ind. 374; *Snyder* v. *White*, 15 Ind. 101;
*Vaughn* v. *Cushing*, 23 Ind. 184; *The City of Logansport* v.
*Wright*, 25 Ind. 512.

We have been referred to the case of *Catlett* v. *Gilbert*, 23
Ind. 614, as sustaining a different doctrine. That was an
action to recover possession of real estate. The general
denial had been pleaded, together with a special paragraph.
A demurrer was sustained to the special paragraph of the
answer. On trial of the issue, there was a finding and judg-
ment for the plaintiff. The judgment was reversed for error
in sustaining the demurrer to the second paragraph of the
answer, although the matter pleaded could have been given
in evidence under the general denial. It may be presumed,
as the point is not mentioned in the opinion, that the atten-
tion of the court may not have been called to the statute
allowing all matters of defence to be given in evidence under

the general denial in such actions, or that it was an inadvertence merely. Be that as it may, we cannot allow that case to overturn the numerous authorities on this point.

· Now, where matter can be given in evidence by the defendant in an action, on the assessment of damages, in mitigation thereof, no pleading by him is needed; and, assuming that the matter in mitigation could be.pleaded, still an error in sustaining a demurrer to such pleading would be harmless, inasmuch as the matter can be given in evidence without the pleading. Such case stands upon precisely the same ground as those where the matter pleaded could be given in evidence under some other pleading.

The judgment below is affirmed, with costs.

*A. Iglehart* and *J. E. Iglehart*, for appellants.

*A. L. Robinson* and *J. S. Buchanan*, for appellees.