Shrum *et al. v.* Town of Salem.

No. 1,573.

## SHRUM ET AL. *v.* TOWN OF SALEM.

MUNICIPAL CORPORATION.—*Town.—Sidewalk Improvement.—Notice.
—Act of 1859.*—Under the act of 1859, for the grading and laying
of sidewalks in incorporated towns, the ordinance for such improve-
ment is sufficient notice to the lot-owner, where further notice is
not provided for by ordinance.

SAME.—*Sidewalk Improvement.—Notice.—Act of 1859.*—Where after
the passage of the ordinance requiring the improvement, the lot-
owners were ordered to grade the sidewalk in front of their lots,
that was all the notice they were entitled to, and it was immaterial
whether such order was oral or written.

SAME.—*Sidewalk.—Improvement Lien.—Notice.*—The property-owner
having had ample opportunity to be heard before the assessment
was made, and before the work was done by the municipality, an
improvement lien attached and was enforcible.

SAME.—*Sidewalk.—Improvement Commenced by Lot-Owner.—Taken
Charge of and Completed by Town.—Defense.*—The fact that the
lot-owner had undertaken to do the work himself will not prevent
the municipality from taking charge of and completing it, unless it
be shown that he had substantially complied with the requirements
of the ordinance.

SAME.—*Town Authorities Taking Charge of Work.—Notice.*—The
lot-owner having had sufficient notice to make the improvement, it is
not essential that he should again be notified of the intention of
the town authorities to take the work into their own hands, if he
has failed to comply with the requirements of the ordinance.

PLEADING.—*Answer to Entire Complaint.—Partial Defense.*—A fact
which can only be a partial answer, is not available if it be pleaded in
answer to the entire complaint.

SAME.—*Answer.—General Denial.—Argumentative Denial.*—It is not
error to sustain a demurrer to an answer which is but an argu-
mentative denial, when the general denial is also pleaded.

JUDGMENT.—*Objection to Form.—When Not Available on Appeal.—
Practice.*—The form of a judgment cannot be an available objection
on appeal, where no such objection was made in the trial court.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler, A. Elliott, F. M. Hostetter* and *J. L. Shrum,* for appellants.

*S. H. Mitchell* and *R. B. Mitchell,* for appellee.

REINHARD, J.—The appellee sued the appellant to enforce a statutory lien for grading and laying a sidewalk on appellants' property in the town of Salem. There was a trial by the court and a finding and decree in favor of the town. The first and second errors assigned call in question the sufficiency of the complaint.

The improvements were made under the law of February 14, 1859. R. S. 1894, section 4394, *et seq.;* (R. S. 1881, section 3357, *et seq.*)

One of the principal questions involved in this appeal is whether the law just mentioned has been repealed, it being the contention of the appellants' counsel that it was repealed by implication by the Barrett law. R. S. 1894, section 4288; (Elliott's Supp., section 812.) That it was not so repealed was expressly decided by this court in the case of *Allen* v. *Town of Salem,* 10 Ind. App. 650. It was not necessary, therefore, that the complaint should show a compliance with the law of March 8, 1889, commonly known as the Barrett law.

It is, however, contended by appellants' counsel, that even if the Barrett law has not repealed the law of 1859, still the complaint is insufficient. It is insisted that the complaint should show that a written notice or order was given the appellants to grade the sidewalk for which the lien is claimed.

It is averred in the complaint, that "On the 17th day of February, 1890, the board of trustees of said town, being of the opinion that public convenience required that the sidewalks on Main street in said town should be graded and paved as prescribed in the ordinance authorizing said work, passed an ordinance to grade and pave said

sidewalks between, the points mentioned in said ordinance; that after the passage of said ordinance, said defendants were ordered to grade and pave said sidewalks in front of their said lots, in accordance with the provisions of said ordinance, said sidewalks being in front of and adjoining said lots; that said defendants neglected and refused to grade and pave said sidewalks in front of their said lots," etc.

There is no provision in the law under which these proceedings were had which requires that a written notice be given the property-owner by the municipal authorities ordering him to make such improvement. The ordinance for the sidewalks was itself a sufficient notice, the appellants being presumably residents of the town. *City of Elkhart* v. *Wickwire*, 121 Ind. 331. Moreover, it was averred that after the passage of the ordinance the appellants were ordered to grade the sidewalks in front of their lots. This was all the notice they were entitled to, and it was immaterial whether such order was oral or written.

It is also insisted that as the ordinance required a general improvement of the sidewalks on Main street, the complaint must show that appellants' lots were on such street, which it is claimed does not appear in the complaint, nor indeed that the property is situated within the corporate limits of the town. We do not so read the complaint, however. The property is specifically described and is averred to be situated in said town. It also appears sufficiently that the appellants' lots to be improved are on said street.

Counsel make some question upon the constitutionality of the act of 1859 referred to, but the question is not so presented as to require a determination. This was doubtless the view of the supreme court when they transferred the cause to our docket.

It may be conceded that a statute which authorizes an assessment against property without making any provision for notice, and which gives the property-owner no opportunity to be heard, is void. But this does not necessarily mean that the statute must provide for a written notice or notice of any specific character. In *Garvin* v. *Daussman*, 114 Ind. 429, the proceedings were under the city charter of Evansville for street improvements. The charter contained no requirement for any specific notice to the property-owner, but conferred power upon the city council to provide by ordinance how the costs and expenses of such improvements might be collected and the liens therefor enforced. The ordinance provided that this should be by foreclosure proceedings, the same as in cases of mortgages.

It was held that as these proceedings could be taken only in pursuance of notice, the property-owner was afforded ample opportunity to question the validity of the assessment, and that the ordinance was valid. Of course we shall not undertake to decide whether the statute under consideration is or is not in conflict with that provision of the constitution which forbids that the citizen shall be deprived of his property without due process of law, as such a declaration on our part would be an invasion of the domain of the supreme court. We do hold, however, that according to the averments of the complaint before us, assuming the act of 1859 to be constitutional, as we must, the appellant had ample opportunity to be heard before the assessment was made, and indeed before the work was done by the municipality.

We think the averments of the complaint show a substantial compliance with the provisions of the law under which the proceedings were had. *Powers* v. *Town*

*of New Haven,* 120 Ind. 185; *Town of Auburn* v. *Eldridge,* 77 Ind. 126. It is therefore sufficient.

The next specification of error requires us to pass upon the sufficiency of the second paragraph of the separate answer of appellant Shrum, to which a demurrer was sustained. It is averred in this pleading that during the year 1890, after the 1st day of May of that year, appellant Shrum had an interest in the real estate described in the complaint by virtue of a bond executed to him by the then owner of the property; that by the terms of said bond he had exclusive control and possession of said property, and has had and exercised such control and possession since said 1st day of May, 1890; that during the months of June, July, August, and September of said year, the said appellant Shrum was diligently engaged in the construction of a sidewalk by grading and paving a portion of said lots designated by the engineer of said town for a sidewalk, said appellant not knowing that appellee had employed one Ambrose Shrum to perform said work; that on or before the 1st day of October, 1890, the appellant Shrum had fully completed said grading and graveling necessary for said sidewalk; that the appellee's agents and officers subsequently to said 1st day of August, without notice to appellant, took said work in charge and prevented him from completing the same; that appellee did not complete said work in a satisfactory manner, in this, to-wit: the appellee did not give said pavement the proper slope and did not use first-class paving brick. He further says he is entitled to a credit, if it shall be found that the appellee has legally completed said work for the grading and graveling of said sidewalk, and that a reasonable sum therefor would be $30.00. Wherefore, etc.

This pleading is clearly insufficient as an answer in bar of the action. That appellant Shrum had undertaken to do the work himself would certainly not prevent the municipality from taking charge of and completing it, unless it were shown that he had substantially complied with the requirements of the ordinance. This the answer plainly fails to do. He may have done all he says he did and yet have been guilty of the grossest negligence in complying with the provisions of the ordinance. Nor does the averment that after the 1st day of August, 1890, the appellee, without notice to him, took charge of the work and prevented him from completing it, aid the answer. There may have been ample reasons, for aught that is averred, why it was proper for the town to take hold of the work after August 1st. Nothing is shown which indicates that there was no reasonable necessity for the performance of the work by the municipality. Nor can it be material whether the work was taken from him with or without notice. He had sufficient notice when he was ordered to make the improvements, and it was not essential that he should again be notified of the intention of the authorities to take the work into their own hands if he failed to comply with the requirements of the ordinance.

The latter portion of this answer is an attempt to plead a set-off of $30.00 for that portion of the work which was done by appellant Shrum himself. It is not pleaded as an answer to so much of the complaint only as seeks to recover this specific amount, but purports to be an answer to the entire complaint. As such it is bad. Nor will the averment that the work was not done as it should have been strengthen the answer. Such a defense, if available, would be at most but an argumentative denial, as the complaint must show a substantial compliance with the law under which the proceedings were had. It is

not error to sustain a demurrer to an answer which is but an argumentative denial, when the general denial is also pleaded, for, if the same facts were admissible under another paragraph pleaded, the defendant can in no event be harmed by the ruling. Elliott App. Proced., section 669. There was no available error in sustaining the demurrer to this pleading.

The ruling of the court in sustaining the demurrer to the answers of the other appellants is not sufficiently discussed to require any consideration.

It is finally urged that the court erred in rendering a personal judgment. We have carefully examined the record, but have not been able to find where the appellants or either of them made any motion to modify the judgment or otherwise objected to the form thereof. There is, therefore, no question before us as to whether or not a personal judgment was proper.

We find no error for which we feel authorized to disturb the judgment.

It is therefore affirmed.

Filed March 15, 1895; petition for rehearing overruled June 12, 1895.