### KNISS *v.* HOLBROOK ET AL.

[No. 1,623.   Filed June 17, 1896.   Rehearing denied October 16, 1896.]

BILLS AND NOTES.—*Note Given for a Patent Right, When Voidable.*— A note given for a patent right which does not contain the words "given for a patent right" as required by section 8131, Burns' R. S. 1894 (6055, R. S. 1881), is not void, but voidable only.   *p. 231.*

SAME.—*When Maker of Note is Estopped from Denying Validity.* —The maker of a note is estopped from denying its validity as against one who purchased it for a valuable consideration on the faith of his assurance that the note was all right and that he would pay it.   *p. 231.*

PLEADING.—*Answer, Immaterial Averments.*—*Proof.*—All allegations in an answer except those essential to constitute a good answer will be regarded as surplusage, and need not be proved.   *p. 233.*

SAME.— *Practice.*— *Sustaining Demurrer to One Paragraph of Answer When Facts May be Proved Under Another.*—*Harmless Error.*—It is harmless error to sustain a demurrer to a good paragraph of answer, where all the evidence admissible under it is admissible, and the defense is available under a remaining affirmative paragraph of answer.— Ross and Reinhard, JJ.   Dissenting. *pp. 232–248.*

From the Noble Circuit Court.   *Affirmed.*

*H. G. Zimmerman*, for appellant.

*R. P. Barr*, for appellees.

GAVIN, J.—This is an action brought by appellees against appellant upon a promissory note executed to one Brainard, payable to him or bearer at a bank in this State, which was duly assigned to appellees before maturity. Appellant filed an answer of six paragraphs. The third paragraph avers: That the consideration of the note was the sale and transfer to appellant and another of a certain patent right and that there was no clause or words in said note stating that the same was given for a patent right "by reason of which failure and omission said note was and is invalid and void."

The 4th paragraph was identical in language with this save that it contained the added averment that appellees had at the time of their purchase of the note full knowledge of the facts above set out.

A demurrer was sustained to the 3d paragraph and overruled to the 4th.

Appellees replied by general denial and estoppel, arising from their having made the purchase of the note and paid its face therefor at appellant's request upon the faith of appellant's statement that it was valid and that he would pay it. Upon trial there was a general verdict in appellees' favor.

That the facts set forth in the 3d paragraph of answer constituted a good defense to the complaint is not and cannot be here controverted. The statute, section 8131, Burns' R. S. 1894 (6055, R. S. 1881), requires that such note shall contain the words, "Given for a patent right," while section 8132, Burns' R. S. 1894 (6056, R. S. 1881), makes it a criminal offense to take or sell such a note without such clause. If the note does not contain the statement it is unenforceable between the parties, but if commercial paper, it is valid in the hands of an innocent holder for value. New v. Walker, 108 Ind. 365.

It was not necessary that the answer allege appellees' knowledge. "Where the consideration of the note is illegal, or it is obtained from the maker by fraud the burden is upon the holder to show that he purchased it in good faith, without notice and in the usual course of business." *State Nat. Bank* v. *Bennett*, 8 Ind. App. 679, and the cases there cited.

The court correctly held that appellant could not assert his defense to the note if it was purchased by appellees for a valuable consideration upon the faith of his assurance to them that the note was all right and that he desired appellees to purchase the same and would pay it.

That the maker of the note is ordinarily estopped by such a promise is not disputed. *Plummer* v. *Bank of Mooresville*, 90 Ind. 386, and the cases there cited.

Appellant, however, insists that this note was void and that no estoppel can validate a void contract. One serious difficulty with this proposition is that the premise is not well founded. The statute does not in terms declare such contracts void. They are necessarily merely voidable, else they could not be sustained as commercial paper in the hands of innocent holders. The surety obligations of a married woman are by the statute declared void as to her, and therefore the courts declare them incapable of transfer and enforcement as commercial paper. *Voreis* v. *Nussbaum*, 131 Ind. 267. Yet, as therein shown, even married women may be estopped to assert their suretyship. *Ward* v. *Berkshire Life Ins. Co.*, 108 Ind. 301; *Rogers* v. *Union Cent., etc., Ins. Co.*, 111 Ind. 343; *Lane* v. *Schlemmer*, 114 Ind. 296, 5 Am. St. 621.

In New York it is held that an estoppel *in pais* can be urged to obviate the effect of an act which the statute declares void. *Payne* v. *Burnham*, 62 N. Y. 69; *Miller* v. *Zeimer*, 111 N. Y. 441.

We are not, however, called upon to go so far and decide more than is presented by the facts of this case, and that is, that this note was not void but voidable merely, as is established by the cases above referred to, holding that in the hands of an innocent purchaser it could be enforced as any other commercial paper duly transferred.

Counsel for appellees assert that while the third paragraph of answer was good, yet there was no harmful error in sustaining the demurrer thereto, because the fourth paragraph filed with it and left standing set up the same matters and was in legal effect the same, and because, under this fourth paragraph, all the evidence provable under the third was admissible, and the defense advanced by the third paragraph was available under the fourth. This contention must, in our judgment, be sustained. The principle thus declared was announced by the Supreme Court very early in the history of our State's jurisprudence and has been many times approved. If it is possible for a long line of decisions of the Supreme Court to settle a question of practice so that it should be regarded as closed and no longer open to dispute, the proposition must be deemed settled that where a demurrer is sustained to an answer, all the averments of which are included in another, under which the facts may be proved and the defense made available, then there is no reversible error in such ruling.

As we have seen, the third paragraph did contain a complete defense to the complaint without the averments of knowledge, while the fourth sets up the same facts with the additional and unnecessary averment of knowledge. Under the latter paragraph every material fact contained in the former was certainly provable because it was specifically averred therein, and

its proof was absolutely essential to sustain that para-graph. Was not the defense set forth in the third paragraph available under the fourth?

If the appellant was, under the latter paragraph, entitled to prove these facts, as he most undeniably was, then was he not entitled upon making the proof to every benefit or advantage accruing therefrom? According to our holding the latter paragraph was not and could not be any better or stronger than the former. The former set up a complete defense. The other could do no more. It could not, by adding words or additional averments to that which was already a sufficient and complete defense, make of it more than this. The averment of knowledge was wholly unnec-essary. Its presence made the pleading no better; its absence would have máde it no worse. In legal force and effect the pleadings were the same. It is ele-mentary law that it is not necessary, upon trial, that a party shall prove everything he may have alleged in his pleading. Whenever a defendant proves so many of the facts averred in his answer as will constitute in law the defense to the action he is entitled to re-cover thereon.

In this case, although appellant, in the fourth para-graph, alleged knowledge, he was not, in order to maintain the paragraph upon the trial, required to prove it, because the fact was immaterial and mere surplusage. "A second rule, which governs in the pro-duction of evidence, is, that *it is sufficient, if the sub-stance of the issue be proved."* 1 Greenleaf on Evi-dence, section 56. In this case, both paragraphs of the answer were good. The third paragraph contained an averment of all the material facts necessary to consti-tute a defense. The averment of knowledge in the fourth paragraph was matter in excess of what was

material and was therefore to that extent bad in form. The fourth paragraph was sufficient as a defense, but was vicious in containing surplusage. 18 Am. and Eng. Ency. of Law, p. 558. The allegation of a fact so wholly foreign and impertinent to the cause that no allegation whatever on the subject was necessary will be regarded as surplusage. 1 Saund. Pl. and Ev., p. 919; Bliss Code Pl., section 215. "As to immaterial averments, the rule is, that, if the whole of an averment may be struck out without destroying the right of action, it will not be necessary to prove it." 1 Saund. Pl. and Ev., p. 1091. "No proof is necessary as to such averments or parts of the issue as do not affect the grounds of the action or defense," 1 Saund. Pl. and Ev., p. 1090; 2 Rice Ev. 660. See also *Morris, Admr.*, v. *Stern*, 80 Ind. 227, 231; *Miller, Admr.*, v. *White River School Tp.*, 101 Ind. 503, 51 Am. Rep. 759. "All the allegations of fraud and misrepresentation we regard as having been mere surplusage and as having added nothing either to the force or effect of the paragraph." *Over* v. *City of Greenfield*, 107 Ind. 231; *Byard* v. *Harkrider*, 108 Ind. 376.

"It is true a plaintiff may allege more facts than are essential to constitute a cause of action, and in such case it is ordinarily held that he need only prove the substance of so many of them as constitute a cause of action to entitle him to recover and the balance of them may be regarded as immaterial, and surplusage." *Terre Haute, etc., R. R. Co.* v. *McCorkle*, 140 Ind. 613.

"It is only necessary for the plaintiff to prove so many of the facts alleged by him as amount to or constitute a cause of action." *Long* v. *Doxey*, 50 Ind. 385.

"It is sufficient if the substance of the issue is proved." *Bishop* v. *Redmond*, 83 Ind. 157.

"It is only necessary for a plaintiff to prove as many of the facts alleged by him as amount to, or constitute, a cause of action." *St. Louis, etc., R. W. Co.* v. *Valirius,* 56 Ind. 511, 517.

"The appellants were not bound to prove every allegation of their complaint; it was sufficient if they established the substance of the issue." *Owen* v. *Phillips,* 73 Ind. 284, 293; *Phœnix, etc., Ins. Co.* v. *Hinesley,* 75 Ind. 1; *Standard Oil Co.* v. *Bowker,* 141 Ind. 12.

Where, as here, the defendant has an answer, standing under which he can prove his defense, if he does so prove it and the court refuses to give him the benefit of the defense so proven, then he may save his exceptions and resort to the appellate tribunal for relief. If, upon the trial, appellant was entitled under the fourth paragraph to prove his defense and then upon proof would have been entitled to a verdict, or if the facts had been specially found to conclusions and judgment in his favor (as in this case he clearly would have been) then the defense was in law available to him. The question of whether or not the defense was available under the fourth paragraph depends not on whether the trial judge thought it a good defense, but on whether or not it was in reality good and whether or not he was in law entitled to the benefit of it under the pleadings left standing.

The position has been assumed that "the error of sustaining a demurrer to a good paragraph of answer is harmless only when the same facts are available to the defendant under another paragraph of answer, and that they cannot be said to be available to him when besides such facts the court by its ruling on the demurrer declares that he must prove additional facts to make out his defense." The limitations of the general rule contained in the last clause upon which alone

can any claim of harmful error be sustained is supported, it is true, by the case of *Bunting* v. *Mick*, 5 Ind. App. 289, but in so holding we are of opinion that the court was out of harmony with the adjudged cases and the principle established by the authorities hereinbefore and hereinafter cited, in that it applied to the sustaining of a demurrer to a good paragraph, the line of reasoning controlling the court in considering the effect of overruling a demurrer to a bad paragraph and gauged the effect of the ruling of the court where the answer stricken down was broader than that remaining by the result produced where the answer remaining was broader in its legal scope than that overthrown. The case of *Wilson* v. *Town of Monticello*, 85 Ind. 10, has been relied upon to sustain this contention. The error lies in adopting for this case a line of reasoning which was there applied to an altogether different state of the issues, and expressly held to be inapplicable to just the conditions presented here. There the plea remaining did *not* contain, in connection with other facts, the same facts as that stricken down, but the pleas stricken down involved the facts set up in the plea left standing and *others in addition thereto.* Thus the condition of things was just the reverse of what we have here. The court there said: "Where good answers are held bad on demurrer or are rejected on motion, the defendant is entitled to the benefit of the exception reserved upon the ruling, *unless there are others entitling him to put in evidence substantially the same matters as are pleaded in the answers held bad or rejected.*" (The italics are our own.) But the principle therein announced wholly overthrows, as it seems to us, the contention above mentioned and sustains the position we take. Here there was unquestionably another paragraph "entitling him to put in evidence" not only substantially, but

precisely "the same matters pleaded in the answer held bad." The contingency therein contemplated is what occurs in this case.

Exactly the same statement of the law is made by Judge Howard in *Barnard* v. *Sherley*, 135 Ind. 547, 569, 41 Am. St. 454. "It is only when the allegations of a proper paragraph of pleading may be established by proof under other paragraphs that the sustaining of a demurrer to the paragraph in question will be held harmless." There, again, the pleading stricken down was broader than that left standing, and its facts not admissible thereunder, hence the harmfulness of the error because there was no pleading left, under which the facts in the former were provable or put in issue, and in the language of the court, "the appellant had no right to offer proof to sustain its allegations."

An effort has been made in this cause to make a distinction between cases where the answer remaining and under which the facts specially pleaded were admissible, is a general denial, and those where both answers are affirmative; no authority is given for the distinction, nor does any such appear in the cases passing upon this question of practice. If there be such a distinction well founded on principle, it seems somewhat remarkable that it has never been adverted to in the long line of decisions ranging from Blackford's Reports to the present time, and that it has not been noted by such eminent and careful law writers as Judge Elliott and Judge Works. Nor was it recognized by the Supreme Court in the recent case of *Wohlford* v. *Citizens Bldg., etc., Assn.*, 140 Ind. 662, where Judge Jordan says, "there was no error in sustaining the demurrer to the fifth paragraph of the answer, * * * for the reason that appellant could avail him-

self of the same defense under other remaining para-
graphs of his answer."

On principle we are unable to perceive wherein lies
the distinction. If it be true, as asserted, that, al-
though the facts are provable under another answer,
they are not available where the other answer is
broader, because, the court having adjudged the
former insufficient, the pleader may rely upon this as
a decision that he need not undertake to prove it
under the broader answer, why does not the proposi-
tion apply where a defendant files with a general de-
nial a special answer controverting some one material
fact averred in the complaint? This answer would
certainly be good. Why, then, if the court sustains a
demurrer to it shall we not, must we not, under the
logic of the contention, say that the trial judge has
decided that although this material fact was success-
fully controverted, this would not be a defense, there-
fore, the defendant need not offer to dispute it under
his general denial? By sustaining the demurrer has
not the court in effect held that he must do more than
disprove that one material fact?

Reference has been made to *Norris* v. *Tice*, 13 Ind.
App. 17; *Shrum* v. *Town of Salem*, 13 Ind. App. 115;
*Blue* v. *Briggs*, 12 Ind. App. 105, and *Kohli* v. *Hall*, 141
Ind. 411, as recent cases contravening our present
holdings. We are wholly unable to discover wherein
they tend to sustain that position which declares that
the facts are not available under the pleading if the
paragraph left contains more than the paragraph
overthrown. *Blue* v. *Briggs*, *supra*, simply holds the
error harmless because the facts were provable under
the general denial. *Kohli* v. *Hall*, *supra*, contains not
a word referring to any such modification of the gen-
eral rule, but it applies this rule, and that, too, in a
·case where both answers are affirmative. Nor does

*Norris* v. *Tice, supra,* in any way pretend to modify it. There the question presented and decided related to the overruling of a demurrer to a bad answer, not sustaining it to a good one, and the learned Judge Reinhard says: "There is a marked difference between overruling a demurrer to a bad answer and sustaining a demurrer to a good answer, the failure to observe which has led to great confusion in the decisions."

Quotation is then made with apparent approval from Elliott's App. Proced., 669: "In holding a defective paragraph good, the court adjudges that if the party by whom it is pleaded proves it he will be entitled to recover. No such thing is adjudged where a demurrer is sustained to one paragraph of several. It is true that it is adjudged that the paragraph is insufficient, *but no harm can result from such a ruling, if, in fact, no competent evidence is excluded, and it is not excluded if other paragraphs are left standing which entitle it to admission.*"

It seems to us that to hold otherwise than we do in this cause would but add to the confusion above referred to.

In *Shrum* v. *Town of Salem, supra,* the same learned judge, after holding the ruling harmless because the general denial was in, says: "For, if the same facts were admissible under another paragraph pleaded, the defendant can in no event be harmed by the ruling."

Again, effort is made to apply in this case the reasoning of the Supreme Court in *Fleetwood* v. *Brown,* 109 Ind. 567, which is expressly stated to be applicable to cases just the opposite of this, it being there said: "The sustaining of a demurrer to a good paragraph of an answer, *when there is no other paragraph under which the same facts may be proven,* is, in effect, a

decision by the court," etc. That case seems to be re-lied upon, notwithstanding it is said in the opinion in so many words: "It is settled in this State, that the sustaining of a demurrer to a good paragraph of an answer will be a harmless error, if the defendant has another paragraph under which the same matters are admissible in evidence."

To show how thoroughly it has been established by the adjudications in this State that it is not harmful error to sustain a demurrer to an answer setting up a defense which is provable under another answer left standing, we quote from and review some other of the decided cases which, as we construe them, sustain this statement of the law.

The principle running through all these cases, where reference is made to any foundation principle, is that where the defense overthrown is provable under some paragraph left standing it is the duty of the party to present it under that paragraph and save his questions upon its sufficiency by ordinary methods. As we have already stated no distinction is made be-tween cases where the answer remaining is a general denial or an affirmative pleading. In many cases affirmative matter is, by our code, made admissible under the general denial. Instances are, ejectment, quieting title, replevin, etc.

"The general issue was filed in this suit, and the de-fendant could, under that plea, have availed himself of the defense contained in his second special plea, and it must be presumed that he did so." *Shanklin* v. *Cooper*, 8 Blackf. 41.

"As the defense set up in those pleas could have been made under the general issue, and the evidence is not upon the record, we cannot reverse the judgment. If the defense set up in these pleas did not, in fact, ex-ist, the defendant was not harmed, in the final result,

by the decision on the demurrers. If the defense did
exist, it should have been offered under the general
issue, and if then rejected, and a bill of exceptions
showed the fact, the error could be corrected here."
*Davis* v. *Doc*, 2 Ind. 599, where the action was such
that all defenses were admissible under the general
denial.

In *Elliott* v. *Wright*, 7 Ind. 374, a demurrer was sus-
tained to a special answer setting up facts showing
a want of consideration, a general answer of want of
consideration being also pleaded. The court says:
"That he could have given all the special facts show-
ing the want of consideration under the general para-
graph, we have no doubt; that he should have done so,
if the facts existed, is equally clear; and that he did
so, according to all our late decisions, we must pre-
sume, as the contrary does not appear. This rule is as
applicable to the new as it was to the old system of
practice.

"It is founded on policy. A lawyer is an artful
pleader. He fills his answer with paragraphs, the al-
legations in which he has no evidence to support; but
the court, in the haste of *nisi prius* proceedings, as he
anticipates, makes an erroneous ruling in regard to
some of them, and the judgment against him is re-
versed, on that ground, in the Supreme Court, and the
cause sent back for trial, when no trial is wanted, be-
cause no evidence to prove the allegations in the
pleading exists.

"This abuse is partially prevented by requiring the
party to offer his evidence below, and except, if it
be rejected, wherever an issue exists under which it
would be admissible."

"It is not the practice in this court to reverse a
judgment otherwise correct, for an error in sustaining

a demurrer to a plea, or paragraph in the answer, if, as in this case, there is another issue upon the record under which the same evidence would be admissible." *Murphy* v. *Jones*, 7 Ind. 529.

The distinction between the harmfulness of error in overruling and sustaining demurrers was early recognized. In *Brookville, etc., Turnpike Co.* v. *McCarty*, 8 Ind. 392, 65 Am. Dec. 768, referring to overruling a demurrer to a bad answer, Perkins, J., says: "This presents an entirely different case from that of erroneously sustaining a demurrer to a plea which, if held valid, the pleader would have to prove, and the facts set up in which, if existing, might be proved under other pleas held good."

To sustain the proposition that courts have made no distinction between answers of general denial and others, we call especial attention to some cases where both the answers considered were affirmative.

In *Terre Haute Gas Co.* v. *Teel*, 20 Ind. 131, it is said: "No injury could have resulted to the defendant from the ruling [sustaining a demurrer], as the same evidence was admissible under other paragraphs of said answer."

Likewise in *Stewart* v. *Anderson*, 59 Ind. 375, where the court says a ruling would be harmless even if erroneous "as all the evidence admissible under that paragraph was admissible, and admitted, under the second and third paragraphs."

Again, in *DeArmond* v. *Stoneman*, 63 Ind. 386, "all the evidence that could have been given, and relief had, under the first paragraph of answer, could have been given and had under the second."

So in *Johnson* v. *Putnam*, 95 Ind. 57, it is declared that no harm would have been done by sustaining a demurrer to certain paragraphs because "if they were sufficient, all the material allegations which they con-

tain, that would be admissible in evidence upon a trial of the cause, * * * would be admissible under the second special paragraph of the answer."

Of similar tenor is *Martin* v. *Merritt*, 57 Ind. 34, 26 Am. Rep. 45: "And as to the paragraph of the answer as a defense, we think all evidence that could have been given under it, would have been admissible under the other paragraphs of answer, and was, in fact, so far as it existed, admitted. The error, if error it was, in ruling upon this paragraph of answer, was a harmless one." Also in *Board, etc.,* v. *Jameson*, 86 Ind. 154; *Moore* v. *Boyd*, 95 Ind. 134.

"We have in our reports a great variety of cases holding that where a demurrer has been erroneously sustained to a good paragraph of answer, where the matter pleaded could have been given in evidence under the general denial or *other paragraphs of the answer*, the error will be regarded as harmless." *Allis* v. *Nanson*, 41 Ind. 154, per Worden, J.

In the late case of *Butler* v. *Thornburg*, 131 Ind. 237, both answers were affirmative, but Miller, J., says: "We find upon examination, that all the evidence that could have been given to support the fourth paragraph of answer was admissible under other paragraphs, and the error, if such it was, in sustaining the demurrer to this paragraph, did not injure the appellant."

We now pass again to the general statement of the rule regardless of the character of the answer whether negative or affirmative.

"A defendant is not harmed by a ruling sustaining a demurrer to a paragraph of his answer, although it is good, if he has another paragraph under which the same matters are admissible in evidence. The reason is obvious. The paragraph remaining in his answer enables him to secure the full benefit of all his evi-

dence." *Over* v. *Shannon*, 75 Ind. 352, by Elliott, J., who also quotes approvingly from the opinion of Worden, J., in *Abdil* v. *Abdil*, 33 Ind. 460: "In an action to recover real estate, all matters of defense can be given in evidence under the general denial; and in such case, if good special answers are held bad, the error may be harmless, because the defendant can offer the matter pleaded, under the general denial, *and avail himself of any question of law arising thereon by instructions, or otherwise.*"

According, however, to the reasoning advanced to maintain the harmfulness of the ruling of the trial court in this case, such a special pleading having been by the court decided to be insufficient, the defendant would have a right to rely upon the court's adhering to the ruling throughout the case and would not therefore be required to offer his evidence on the trial, although admissible under the issues joined.

A rule of law adverse to this contention and in harmony with our views is stated in *Landwerlen* v. *Wheeler*, 106 Ind. 523; *Epperson* v. *Hostetter*, 95 Ind. 583; *Rush* v. *Thompson*, 112 Ind. 158; *Porter* v. *Silvers*, 35 Ind. 295; *Emmons* v. *Meeker*, 55 Ind. 321; *Pittsburg, etc., R. R. Co.* v. *Van Houten*, 48 Ind. 90; *State ex rel.* v. *Osborn*, 143 Ind. 671; *Claypool* v. *Jaqua, Admx.*, 135 Ind. 499.

In the case last cited it is said by Judge Dailey: "Where a demurrer is sustained to a good paragraph of pleading, but the same facts can be proved under another paragraph not demurred to, or to which a demurrer is overruled, no damage can result to the party, and the ruling will be harmless."

In not a single case to which our attention has been called has the rule been stated otherwise than as here contended, for, save *Bunting* v. *Mick, supra*, and *Catlett* v. *Gilbert*, 23 Ind. 614, the latter having been expressly

overruled by *Allis* v. *Nanson, supra.*  In *City of Elkhart* v. *Wickwire,* 87 Ind. 77; *Lester* v. *Brier,* 88 Ind. 296, and *Hormann* v, *Hartmetz,* 128 Ind. 353, some language is used by Judge Elliott which has been claimed to be an intimation of a possibility of a different rule, but what is said upon this branch of the subject is really outside of the cases decided, and no such different rule has been adopted by the Supreme Court, while the law is thus broadly stated in Elliott's App. Proced., section 637: "Where a demurrer is sustained to one of several paragraphs of an answer the error is harmless if there are other paragraphs under which the same evidence is admissible."  Neither do we think that Judge Elliott intended to or does say more than that the error will be harmful when the case made by the paragraph remaining is in substance and legal effect such as in law (not in the opinion of the trial judge merely) requires additional evidence to establish it.

To the same effect is Work's Practice, section 537: "Out of these same statutory provisions grows the doctrine that a ruling on demurrer, although erroneous, will not reverse the cause if the ruling does not affect the substantial rights of the complaining party. Thus, where a demurrer is sustained to a good paragraph of pleading, but the same facts can be proved under another paragraph not demurred to, or to which a demurrer has been overruled, no injury can result to the party and the ruling will be harmless."

The limitations of the doctrine that a party may rely upon the announced ruling of the court and need not attempt to again present or raise the question passed upon and its non-applicability to the case in hand are clearly shown by Elliott's App Proced., sections 668-669, from which we quote:

"Where an adverse ruling upon a demurrer *so oper-*

*ates as to wrongfully deprive a party of the right to introduce evidence* establishing a cause of action or a defense, a proper exception duly entered is sufficient to fully present the ruling for review on appeal. No further decision or ruling need be requested in any form. As we have elsewhere shown, the presumption is that the court adheres to the theory declared, either expressly or impliedly, in its rulings upon the pleadings. * * * It is obvious that it would completely nullify the elementary rule that the evidence must be confined to the issues to hold that in order to make the error available a party must offer evidence in support of the cause of action or defense asserted in the complaint or answer held bad upon demurrer, since, without some pleading tendering the proper issue he could not give any such evidence. The court in ruling the pleading insufficient declares that it is useless and vain to offer such evidence, and in the face of such a declaration the party is not bound to offer evidence, for he cannot be required or expected to do a vain and fruitless thing. He has, in strictness, no right to do so, in view of the decision of the court which it is his duty to respect."

It will be observed that this is the principle and reasoning upon which the decision in *Bunting* v. *Mick*, *supra*, is based, but the limitation of the doctrine to rulings which "so operate as to deprive a party of the right to introduce evidence establishing a cause of action or defense" is overlooked because there, as here, the evidence was admissible under another paragraph, and it would not have been a "vain and useless thing" for the party to offer it; therefore, as said by the author in section 669, "It is true that it is adjudged that the paragraph is insufficient, but no harm can result from such a ruling, if, in fact, no competent evidence is excluded, and it is not excluded if other

paragraphs are left standing which entitle it to admission."

In our own court in several cases the law has been declared in harmony with out present holding. "So, also, it is harmless error to sustain a demurrer to a good paragraph of answer, if there be another paragraph remaining under which the same facts may be proved. *McFadden* v. *Schroeder*, 9 Ind. App. 49, per Lotz, J.

"It is conceded that the facts pleaded in this paragraph were admissible under the general denial, which was also pleaded. The error, if any, was therefore harmless. Elliott's App. Proced., section 637, and cases cited." *Kelley* v. *Kelley*, 8 Ind. App. 606, per Reinhard, J.

"The rule is that it is harmless error to sustain a demurrer to a good paragraph of answer, if there is a paragraph remaining under which the same facts may be proven." *Pottlitzer* v. *Wesson*, 8 Ind. App. 472, per Davis, J.

If we are not now right then the Supreme Court must have been wrong in the very recent case of *Berkey* v. *City of Elkhart*, 141 Ind. 408, per Hackney, J., where it held the action of the court in sustaining a demurrer to an answer harmless because the matters were admissible without plea. The court there says: "The ruling of the court, in sustaining appellee's demurrer to the second paragraph of answer, in view of the admissibility, without plea, of the defense pleaded, if a valid defense, was harmless." Yet every reason urged in favor of the harmfulness of the error here could be urged with equal plausibility there. It could be there as well said, the court had announced its theory of the case, had ruled that it was useless for the defendant to prove his answer, and he was there-

fore not called upon to do so, but might presume that the court would continue to so hold, etc.

The rule here asserted on behalf of the appellant would lead to the anomalous result that we should hold that a defense is not available, although the defendant is entitled to prove it under the issues, to an instruction that the facts thus proved do constitute a defense, to a verdict when he has proved it, or to a judgment if the fact be specially found by court or jury.

It was recently said by Judge Ross in *Berkey* v. *City of Elkhart*, 13 Ind. App. 314: "On the appeal of this case to the circuit court, the appellant was entitled under his answer of general denial to make the defense which he sought to set up in his special answer, hence it would not be error to sustain a demurrer to the special answer while appellant had the benefit of his answer of general denial."

Of course, where the answers are different in their scope and legal effect, proceeding upon different theories, one being, for instance, fraudulent representations and the other breach of warranty, the one defense would not be available under the other answer, even though the paragraph might in part cover the same ground.

Here, however, there is no difference between the answers as to the theories upon which they proceed. Each proceeds upon the same theory, counts upon the same defense, unless we are to affirm that every added averment of an additional fact constitutes a new and different theory.

So far as relates to the conduct of this particular cause, we may say that the court, in its instructions, did not refer to the question of burden of proof as to knowledge, and it is reasonably plain that that fact did not seriously figure in the case, since the de-

fendants in answer to interrogatories expressly admitted that at the time of the purchase they did have knowledge that the note was given for a patent right. This fact emphasizes the wisdom of the doctrine that the party must present his evidence to the court upon trial.

Judgment affirmed.

Ross and REINHARD, JJ., dissenting.

ON PETITION FOR REHEARING.

GAVIN, J.—Appellant's learned counsel argue upon the apparent supposition that the statute made it criminal for appellees to purchase the note in suit. In this he is in error. It is the seller and not the buyer of the note who is by the law declared a criminal.

The proposition that the note was absolutely void and therefore not a proper subject for estoppel is the basis of appellant's entire argument. This we adjudged and still adjudge to be not well founded. If the note was absolutely void it could not be enforced even by an innocent holder. *Voreis* v. *Nussbaum,* 131 Ind. 267.

Repeated decisions in Indiana settle the law to be that such notes are enforcible in the hands of innocent holders. *New* v. *Walker,* 108 Ind. 365, 58 Am. Rep. 40; *Tescher* v. *Merea,* 118 Ind. 586; *State Nat. Bank* v. *Bennett,* 8 Ind. App. 679.

Therefore it logically follows that this note was not void, but voidable only. Consequently we held, not that appellees took the note as innocent purchasers, but that the note was such as might be the subject of estoppel and that an estoppel did arise when appellees purchased the note at appellant's request and upon his promise to pay the same.

Petition overruled.

DISSENTING OPINION.

Ross, J.—The third paragraph of the answer proceeded upon the theory and set up as a defense to the appellees' right to recover upon the note sued on, that said note "was executed in consideration of the sale and transfer" of a patent right, "and that there was no clause or words inserted or written in said note stating that the same was given for a patent right."

The statute, section 8131, Burns' R. S. 1894 (6055, R. S. 1881), provides that any written obligation given in consideration for a patent right shall have inserted in the body of it the words, "Given for a patent right," and section 8132, Burns' R. S. 1894 (6056, R. S. 1881), makes it a misdemeanor for any person to take or sell or offer to sell any obligation given for a patent right which does not have inserted in the body of it the words designated in the preceding section and quoted above. While a promissory note negotiable by the law merchant, given for a patent right is forbidden by the statute, and, as between the parties and those having knowledge that the law has been violated, it will not be enforced, yet in the hands of an innocent purchaser before maturity it is enforceable.

The majority opinion concedes that the third paragraph of the answer states a good defense and that the court below erred in sustaining the demurrer thereto, but holds that the error was harmless because appellant had other paragraphs of answer in, and which were held good on demurrer, under which he could have introduced all of the evidence which would have been admissible under that paragraph. I cannot concur in the holding that the error in sustaining the demurrer to the third paragraph of the answer was harmless.

I admit that it is a harmless error to sustain a de-

murrer to a good paragraph of an answer, if the party under another paragraph which remains in, can have the benefit of the same defense pleaded in the paragraph stricken down. The rule is well settled in this State. *Darnell* v. *Sallee,* 7 Ind. App. 581; *Kelley* v. *Kelley,* 8 Ind. App. 606; *McFadden* v. *Schroeder,* 9 Ind. App. 49; *Heaton* v. *Lynch,* 11 Ind. App. 408; *Messick* v. *Midland R. W. Co.,* 128 Ind. 81; *Butler* v. *Thornburg,* 131 Ind. 237; *Claypool* v. *Jaqua, Admr.,* 135 Ind. 499. An examination of the adjudications will disclose that in most of the cases where the court has stated the rule to be that where a demurrer is sustained to a good paragraph of answer, the error is harmless if another paragraph remains in, under which "the same facts can be proved," were cases where the defense specially pleaded and stricken down, was admissible under the general denial also pleaded. In those cases no harm could possibly have resulted to the defendant by the action of the court in sustaining a demurrer to the special answers.

I do not take exception to, but on the contrary fully concur in the statement contained in the majority opinion that the proposition is settled "that where a demurrer is sustained to an answer all the averments of which are included in another, under which the facts may be proved and the defense made available, then there is no reversible error in such ruling." What I do object to is, as I believe, its misapplication in this case. The majority opinion states the rule embracing the element of availability of the defense contained in the answer stricken down, under the answer left in, but when the rule is applied to the case in hand that element is overlooked.

The fourth paragraph of the answer filed by the appellant and which the majority opinion holds entitled the appellant to make the same defense alleged in the

third paragraph, is radically different from the third, and introduced into the defense pleaded a material issuable fact, namely as to whether or not the appellees, at the time of the purchase of the note, had notice or knew that it was given for a patent right. By the rulings of the court the appellant was told not only that the third paragraph of his answer was insufficient, because it did not aver that at the time the appellees purchased the note he had notice or knew that it was given for a patent right, but also that the fourth paragraph was good because it confained that additional averment. It may be admitted that all of the evidence admissible and necessary to sustain the third paragraph of the answer was admissible under the fourth paragraph; but proof which would sustain the third paragraph would fall far short of establishing the defense pleaded in the fourth paragraph. The defense pleaded in the third paragraph was one which would have been available against the original payee of the note, while that contained in the fourth was applicable only to a purchaser before maturity. The one was founded upon a violation of a statute of which the payee was bound to take notice, while the other, although alleging a violation of the statute, negatived the fact that appellees were innocent holders even though they purchased the note before maturity. The two defenses are radically different.

When two special answers are filed, both of which are good, and to one a demurrer is sustained, and to the other a demurrer is overruled, the question of the harmfulness of the ruling in sustaining the demurrer to the one is not to be determined simply by ascertaining whether or not the facts provable under the paragraph held bad, were also provable under the other, but rather by deciding whether or not proof of the facts alleged in the paragraph held bad estab-

lishes the defense pleaded in the paragraph held good. For if establishing the facts provable under the paragraph held bad does not establish the defense alleged in the paragraph held good it cannot be said that under the latter paragraph the party has had the benefit of the defense pleaded in the former. It is not merely a question as to the admissibility of evidence, but rather the availability of a good and legal defense.

In the case of *City of Elkhart* v. *Wickwire*, 87 Ind. 77, where the question decided was whether or not the error of the court below in sustaining a demurrer to a good paragraph of complaint was harmful, when there was another paragraph in which was set forth the same cause of action, the court says: "In this case the first and second paragraphs of the complaint are substantially the same, and the evidence admissible under both was clearly admissible under the first alone, and there was, therefore, no error in sustaining the demurrer to the second paragraph, even if it be deemed good. If the first paragraph were not broad enough to let in all the evidence admissible under both, or if the case made by the first paragraph required more evidence to sustain it, thus imposing a heavier burden on the plaintiff, or if the different paragraphs required different evidence, then, perhaps, it would be otherwise. It is obvious, however, that where two paragraphs secure to the plaintiff no greater benefits than one would do, he is not injured by sustaining a demurrer to one of them, and this is true of the case in hand. Where, as here, the pleading on its face, as well as the whole record, clearly shows that the cause of action stated in two paragraphs of the complaint is the same, and can be made out by the same evidence, there is no error in sustaining a demurrer to one of the paragraphs." And the same court in *Hormann* v. *Hartmetz*, 128 Ind. 353, says:

"Where, however, a paragraph of a complaint is erroneously adjudged insufficient, and others are held good, the error is not harmless if the paragraphs allowed to stand are substantially different from that held bad, or if those held good impose upon the plaintiff the burden of adducing stronger or greater evidence than would be necessary under the paragraph condemned. If, in other words, the effect of the ruling on demurrer is to make it necessary to introduce more or greater evidence, or to exclude competent evidence, the error may be prejudicial, but it is otherwise where the ruling on demurrer does not have the effect either to abridge the right of the plaintiff or to increase his burden."

And again in *Lester* v. *Brier*, 88 Ind. 296, it is said: "Where the paragraphs left standing entitle the plaintiff to the same relief as, and require of him no other or greater evidence than, the one held bad would have done if declared good, then he is not harmed. If, in other words, the paragraphs left in are provable by the same evidence as the one struck out, then no injury results from the ruling. *City of Elkhart* v. *Wickwire*, 87 Ind. 77. Where, however, more or different evidence is required, or the plaintiff's case is made more difficult of proof, or his burden increased, then it would be error to strike out a paragraph or sustain a demurrer to it if it stated a cause of action."

It would not have availed appellant to have proven under the fourth and eighth paragraphs of his answer simply the facts alleged in the third paragraph, for the court had already decided that those facts were insufficient to constitute a defense to the action.

And I do not believe as seems to be the intimation in the prevailing opinion, that the appellant was bound to make proof of the facts necessary to establish the defense pleaded in the third paragraph of his

answer (the one held bad), and then ask the court to instruct the jury that those facts were all that were necessary to entitle him to recover under the fourth paragraph. In other words, I am not willing to say it was appellant's duty, on the trial, to insist that he was not required to prove notice, although he raised that issue by his answer, and further that when the court came to instruct the jury, the appellant should insist that the court tell them that while the court, in making up the issues had told the appellant he must prove notice on appellees' part, yet that was not the law and appellant need not prove that fact although he alleged it in his answer. I believe most *nisi prius* courts would feel highly insulted at the assumption, and the counsel who would dare to make such a suggestion would fare badly at the hands of the court.

In *Wilson* v. *Town of Monticello*, 85 Ind. 10, the court says: "Where a plea is struck down, the presumption is that the rule of law involved in the ruling was acted upon throughout the case, and the defendant is not bound to again present the question. An objection once well and fully presented, and properly and adequately reserved, does not need to be repeated at subsequent stages of the case. A defendant who receives the judgment of the court upon his answers may accept that ruling as the declaration of the court that it would be useless to offer evidence under it, for if fully proved the defense set forth would not be allowed to prevail."

The issues made by the pleadings control the action of the court in the trial and decision of the case, and a defendant has a right to know what facts, when pleaded, are sufficient to constitute a defense.

The appellant had a right to assume, when the court below sustained the demurrer to the third paragraph of his answer, that if he proved those facts on

the trial the court would hold that he could not re-
cover. And he had also a right to assume, when the
court overruled the demurrer to the fourth para-
graph, which was exactly the same as the third, ex-
cept that it contained the additional allegation, that
the plaintiffs (appellees) at the time they purchased the
note had notice or knew that it was given for a patent
right, that the burden was on him to prove such notice
or knowledge. This is the theory upon which the
parties tried the case and the appellant, having been
informed by the court that he must prove that the
appellees, at the time they purchased the note, knew it
was given for a patent right, tendered an instruction
to that effect and requested the court to so instruct
the jury and the court did so instruct them. The rec-
ord shows affirmatively that the only instruction given
by the court to the jury, told them in effect that under
the issues the burden rested upon the appellant to
prove that the appellees knew or had notice, at the
time they purchased the note, that it was given for a
patent right. That was the theory upon which the
court below tried the case, and it seems to me that to
hold that no harm was done when both the court and
the parties, made up the issues and tried the cause
upon the theory that the appellant had the burden of
proving notice or knowledge on appellees' part, would
be a travesty upon justice.

I think the case of *Bunting* v. *Mick*, 5 Ind. App. 289,
is in every respect identical with the case in hand, and
is decisive of the questions here involved. In that
case, which was an action by an endorsee, against the
makers upon a note negotiable by the law merchant,
endorsed before maturity and which was given for a
patent right, the court in passing upon the harmful-
ness of rulings on demurrers to answers filed, says:
"The 1st and 2d paragraphs, to which the demurrer

was addressed and sustained, contained no averments of notice of the defenses which the maker had to the note, on the part of the endorsees, George and Mick, at the time of the respective endorsements to them. By sustaining the demurrer and requiring the appellant to set up in subsequent paragraphs, in addition to the averments of want of consideration and fraud, the fact that both appellee and George at the time of the endorsements to them had notice of such defenses, the court in effect decided that an answer of the character of these, without the averment of such notice was insufficient, and that such averment was required to make it sufficient. If the paragraphs to which the demurrer was sustained were good, however, without such averment of notice, then the fact that they were subsequently pleaded again, supplemented by the averment of notice, cannot be said to make the error harmless. The additional paragraph cannot be regarded as an amendment to the paragraphs to which the demurrer was sustained and as taking the place of these. If the answers to which the demurrer was sustained were good without charging notice to the endorsees, the court should have overruled the demurrer. The appellant had a right to this ruling so as to be informed whether or not he was to take the burden upon the subject of notice, or whether it should devolve upon the appellee to aver and prove a want of notice."

For these reasons I think the judgment of the court below should be reversed with instructions to sustain appellant's motion for a new trial.

REINHARD, J., concurs in the dissenting opinion of ROSS, J.